QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
  Michael E. Williams (Bar No. 181299)
  michaelwilliams@quinnemanuel.com
  Diane Cafferata (Bar No. 190081)
  dianecafferata@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Defendants
WebGroup Czech Republic, as;
WGCZ Holdings as, and WGCZ Limited sro;
NKL Associates sro;  Traffic F, sro;
GTFlix TV, sro; FTCP, sro;
VS Media, Inc., HC Media, HC Multimedia LLC,
and FBP Media and Stephane Michael Pacaud
and Deborah Malorie Pacaud

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, on behalf of herself and all others similarly situated,<br><br>              Plaintiff,<br><br>       vs.<br><br>WebGroup Czech Republic, as; WGCZ Holding, as; WGCZ Limited, sro; NKL Associates sro; Traffic F, sro; GTFlix TV, sro; FTCP, sro; VS Media, Inc.; HC Media, sro; HC Multimedia LLC; FBP Media sro; Serverstack, Inc., Digital Ocean Holdings, Inc.; and Digital Ocean, LLC f/k/a/ Digital Ocean, Inc.; STEPHANE MICHAEL PACAUD; DEBORAH MALORIE PACAUD,<br><br>              Defendants. | CASE NO. 2:21-cv-02428 VAP (SKx)<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) ON BEHALF OF DEFENDANTS WGCZ HOLDING, AS; WGCZ LIMITED SRO, TRAFFIC F; GTFLIX TV; FTCP; VS MEDIA, INC.; HC MEDIA; HC MULTIMEDIA LLC; FBP MEDIA; STEPHANE MICHAEL PACAUD; DEBORAH MALORIE PACAUD**<br><br>Judge:   Hon. Virginia A. Phillips<br>Date:     November 1, 2021<br>Time:     2:00p.m.<br>Ctrm:    8A<br><br>Trial Date:          None Set |

## NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 1, 2021, or as soon thereafter as the matter can be heard in Courtroom 8A of the United States District Court for the Central District of California, located at First Street Courthouse, 350 W. 1st Street, 8th Floor, Los Angeles, California 90012, Defendants WGCZ Holdings as, and WGCZ Limited sro; Traffic F, sro; GTFlix TV, sro; FTCP, sro; VS Media, Inc., HC Media, HC Multimedia LLC, and FBP Media (the "Entity Defendants"), and Stephane Michael Pacaud and Deborah Malorie Pacaud (the "Pacauds") will and hereby do move for an order dismissing plaintiff Jane Doe's ("plaintiff") Complaint against them.

This Motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth in the following Memorandum of Points and Authorities, Plaintiff's claims for violation of federal statutes 18 U.S.C §§ 1591, 1595, 2252, 2252A, 2260 and 2258A, as well as California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq., fail to state plausible claims for relief, and therefore, must be dismissed against all moving Defendants.

This Motion is made following the conferences of counsel pursuant to L.R. 7-3, which took place telephonically on July 30, 2021, August 6, 2021 and August 13, 2021. The parties were not able to reach a resolution that would eliminate the need for this Motion.

The Defendants' Motion is and will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities set forth below, the concurrently filed Motion to Dismiss filed by co-defendants WGCZ and NKL Associates, sro, the records and file herein, and upon such other oral and documentary evidence as may be presented at the hearing on this motion.

1

DATED:  August 23, 2021

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

2

3

4

By _____ */s/ Michael Williams* _____

5

Michael T. Zeller

Michael E. Williams

6

Diane Cafferata

7

Attorneys for WebGroup Czech Republic,
as; WGCZ Holdings as; and WGCZ Limited
sro; NKL Associates sro; Traffic F, sro;
GTFlix TV, sro; FTCP, sro; VS Media, Inc.,
HC Media, HC Multimedia LLC, and FBP
Media and Stephane Michael Pacaud and
Deborah Malorie Pacaud

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINT AND AUTHORITIES ............................................. 1

Preliminary Statement ........................................................................................ 1

Factual Background ........................................................................................... 2

Argument ............................................................................................................ 4

I.      THE COMPLAINT FAILS TO ALLEGE ANY FACTS TO STATE CLAIMS FOR RELIEF AGAINST THE ENTITY DEFENDANTS ............. 4

      A.     *Twombly* Requires Plaintiff to Allege Plausible Facts Specific to Each Defendant Giving Rise to a Claim ..................................................... 4

      B.     There Are No Factual Allegations Specific to The Entity Defendants To Support Plaintiff's Claims ............................................ 5

           1.     Claim I: 18 U.S.C. § 1595 ............................................................ 5

                 (a)     There Are No Facts Alleged As To Any Of The Entity Defendants .................................................... 6

                 (b)     Section 1595 Does Not Reach The Conduct of The Foreign Entity Defendants .................................. 7

           2.     Claims II and III: 18 U.S.C. §§ 2252, 2252A and 2260 .............. 8

           3.     Claim IV: 18 U.S.C. § 2258A ..................................................... 10

           4.     Claim V:  Cal. Bus. & Prof. Code § 17200 ................................ 11

      C.     Plaintiff Cannot Rely on Group Allegations To Support Her Claims Against the Entity Defendants ........................................ 12

      D.     Plaintiff Cannot Rely On Conclusory Alter Ego Allegations To Support Her Claims Against The Entity Defendants ............................ 13

II.     THE COMPLAINT FAILS TO ALLEGE SUFFICIENT FACTS TO ESTABLISH THE PACAUDS ARE VICARIOUSLY OR PERSONALLY LIABLE FOR HER CLAIMS ............................................. 14

Conclusion ........................................................................................................ 15

1

## **<u>TABLE OF AUTHORITIES</u>**

2

**<u>Page</u>**

3

### **<u>Cases</u>**

4

*Aaron v. Aguirre,*
   2007 WL 959083 (S.D. Cal. Mar. 8, 2007)......................................12

5

*Arcona, Inc. v. Farmacy Beauty, LLC,*
   2018 WL 1441155 (C.D. Cal. Mar. 22, 2018) ...............................15

6

7

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) .........................................................................4, 5

8

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) ............................................................................4

9

10

*B.M. v. Wyndham Hotels & Resorts, Inc.,*
   2020 WL 4368214 (N.D. Cal. July 30, 2020)..................................7

11

*Calvert v. Huckins,*
   875 F. Supp. 674 (E.D. Cal. 1995) ..................................................13

12

*Conley v. Gibson,*
   355 U.S. 41 (1957) ..............................................................................4

13

14

*Doe v. Reddit, Inc.,*
   2021 U.S. Dist. LEXIS 129876 (C.D. Cal. July 12, 2021) ...........10

15

*Doe v. Unocal Corp.,*
   248 F.3d 915 (9th Cir. 2001) ............................................................13

16

17

*Gauvin v. Trombatore,*
   682 F. Supp. 1067 (N.D. Cal. 1988) ...............................................12

18

*Gerritsen v. Warner Bros. Ent. Inc.,*
   116 F. Supp. 3d 1104 (C.D. Cal. 2015)...........................................14

19

20

*Grupo Bimbo, S.A. B. De C.V. v. Snak-King Corp.,*
   2014 WL 12610141 (C.D. Cal. Oct. 2, 2014) .................................12

21

*Hokama v. E.F. Hutton & Co. Inc.,*
   566 F. Supp. 636 (C.D. Cal. 1983)...................................................14

22

23

*In re Sagent Tech., Inc., Derivative Litig.,*
   278 F. Supp. 2d 1079 (N.D. Cal. 2003) ......................................12, 13

24

*In re Toyota Motor Corp.,*
   785 F. Supp. 2d 883 (C.D. Cal. 2011)..............................................12

25

26

*Kik Interactive, Inc.,*
   482 F. Supp. 3d 1242 (S.D. Fla. 2020) ..............................................7

27

*Mesler v. Bragg Mgmt. Co.,*
   39 Cal. 3d 290 (1985)........................................................................13

28

*Microsoft Corp. v. AT & T Corp.*,
   550 U.S. 437 (2007) ................................................................. 9

*Mollett v. Netflix, Inc.*,
   795 F.3d 1062 (9th Cir. 2015) ................................................... 5

*Morrison v. Nat'l Australia Bank Ltd.*,
   561 U.S. 247, 130 S. Ct. 2869, 177 L. Ed. 2d 535 (2010) ......... 7, 9

*Murphy Tugboat Co. v. Crowley*,
   658 F.2d 1256 (9th Cir. 1981) ................................................. 14

*Murphy Tugboat Co. v. Shipowners & Merchants Towboat Co., Ltd.*,
   467 F. Supp. 841 (N.D. Cal. 1979) ..................................... 14, 15

*Noble v. Weinstein*,
   335 F. Supp. 3d 5044 (S.D.N.Y. 2018) ...................................... 5

*Ratha v. Phatthana Seafood Co.*,
   2017 WL 8292922 (C.D. Cal. Dec. 21, 2017) .......................... 7, 8

*RJR Nabisco, Inc. v. Eur. Cmty.*,
   136 S. Ct. 2090, 195 L. Ed. 2d 476 (2016) ............................. 7, 9

*Sullivan v. Oracle Corp.*,
   51 Cal. 4th 1191 (2011) .......................................................... 12

*Transgo, Inc. v. Ajac Transmission Parts Corp.*,
   768 F.2d 1001 (9th Cir. 1985) ........................................... 14, 15

*United States v. Afyare*,
   632 F. App'x 272 (6th Cir. 2016) .......................................... 5, 6

*United States v. Malik*,
   385 F.3d 758 (7th Cir. 2004) .................................................... 9

*United States v. Rogers*,
   474 F. App'x 463 (7th Cir. 2012) ............................................. 9

*United States v. X-Citement Video, Inc.*,
   513 U.S. 64 (1994) ................................................................... 9

## **Statutory Authorities**

18 U.S.C. § 1591 ....................................................................... 3, 5

18 U.S.C. § 1591(a) ....................................................................... 5

18 U.S.C. § 1591(a)(2) ............................................................... 5, 6

18 U.S.C. § 1595 ......................................................................... 2, 5

18 U.S.C. § 1596(a) ....................................................................... 8

18 U.S.C. § 2252 ................................................................... 8, 9, 10

18 U.S.C. § 2252(a)(3) ................................................................ 10

18 U.S.C. § 2252A ....................................................................... 9

18 U.S.C. § 2252A(a)(4) .............................................................. 10

18 U.S.C. § 2252A(a)(5) .............................................................. 10

18 U.S.C. § 2258A .................................................................... 3, 9

18 U.S.C. § 2258A(a) ................................................................. 10

18 U.S.C. § 2260 .......................................................................... 9

Cal. Bus. & Prof. Code § 17200 ................................................ 11

## **Rules and Regulations**

Fed. R. Civ. P. 8(a)(2) ............................................................... 12

# MEMORANDUM OF POINT AND AUTHORITIES

## Preliminary Statement

After videos of plaintiff Jane Doe ("plaintiff") were uploaded to an adult content website by unnamed individuals who trafficked her as a minor, the operator of the website, WebGroup Czech Republic ("WGCZ"), removed the videos upon request and they have not been reposted. Thereafter, plaintiff filed a putative class action not only against WGCZ, but also against multiple entities and two individuals – most of which are located outside of the United States – who were named simply by virtue of their affiliation with WGCZ. These entities are WGCZ Holdings as ("WGCZ Holdings"), and WGCZ Limited sro ("WGCZ Limited"), Traffic F, GTFlix TV, FTCP, VS Media, Inc., HC Media, HC Multimedia LLC, and FBP Media (the "Entity Defendants"); the two individuals are Stephane Michael Pacaud and Deborah Malorie Pacaud (the "Pacauds").[1]

Plaintiff claims that each of these Defendants is liable under a series of federal criminal statutes as well as under California's Unfair Competition Law ("UCL") for allegedly enabling users to upload videos containing minors onto an adult content website. Plaintiff's claims are misplaced and should be directed at those responsible for her trafficking and the uploading of her videos.[2]

The Complaint is devoid of factual allegations regarding any actions or conduct by these Defendants that would give rise to civil liability. Rather than plead specific allegations regarding the alleged culpability and purported misconduct of each of the Entity Defendants and the Pacauds, plaintiff impermissibly lumps them together with WGCZ and makes broad-stroke conclusory allegations lacking any specific facts of

---

[1]   Plaintiff also sued the companies that operate the servers used by WGCZ, Serverstack, Inc., Digital Ocean Holdings, Inc.; and Digital Ocean, LLC f/k/a/ Digital Ocean, Inc., however, these defendants are represented by separate counsel.

[2]   The Foreign Defendants and the Pacauds also move to dismiss for lack of personal jurisdiction in a separate motion filed concurrently herewith.

their individual involvement or liability. Such generalized and conclusory allegations are insufficient to state a plausible claim for relief under Fed. R. Civ. P. 8 and *Twombly*. Each of these Entity Defendants and the Pacauds are entitled to know what specific facts plaintiff has to support her claims against each of them or be dismissed from this lawsuit. Because no such facts exist, and none are alleged, the Complaint should be dismissed in its entirety against these Defendants.[3]

In addition, plaintiff's claims under 18 U.S.C. §§ 2252, 2252A, 2258A, and Cal. Bus. & Prof. Code § 17200 with respect to the foreign Entity Defendants and the Pacauds should be dismissed for the additional reason that these statutes do not provide for extraterritorial jurisdiction over non-U.S. defendants.

## Factual Background

WGCZ owns and operates websites, known as "tube" sites, which allow users to upload and display adult content videos, including XVideos.com. (Compl. ¶¶ 23, 48, 51.) Plaintiff alleges that an unnamed sex trafficker forced her to participate in the creation of sex videos while she was a minor. (Compl. ¶¶ 126-127.)[4] She alleges that at least four of these videos were uploaded to the XVideos website. (Compl. ¶¶ 129-130.) Once she notified WGCZ of these videos, they were removed from the website and have not been uploaded again. (Compl. ¶ 131.)

Plaintiff alleges a civil claim under 18 U.S.C. § 1595 of the Trafficking Victim's Protection Reauthorization Act ("TVPRA") for violations of federal criminal statute 18

---

[3]    These Entity Defendants and the Pacauds join and incorporate all of the arguments raised in the Motion to Dismiss by WGCZ and NKL Associates sro, including, but not limited to, Defendants' argument that plaintiff's claims are barred by the Communications Decency Act, her complaint fails to state a plausible claim for relief under 18 U.S.C. Section 1591, and she cannot seek relief under 18 U.S.C. Section 2258A. *See* Notice of Motion and Motion to Dismiss Class Action Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) on Behalf of Defendant WebGroup Czech Republic and NKL Associates sro (hereinafter "WGCZ Motion").

[4]    It is unclear from the Complaint whether it was a lone individual or a group of traffickers, as she refers to her trafficker both singularly and in plural.

U.S.C. § 1591.  This claim requires plaintiff to prove that each defendant knowingly benefitted financially from participation in a sex trafficking venture involving the plaintiff.  *See* 18 U.S.C. § 1591.  She alleges civil causes of action under 18 U.S.C. § 2255 for violations of federal criminal statutes 18 U.S.C. § 2252, 2252A and 2260, which require proof that each defendant knowingly received or distributed child pornography.  She further alleges a claim for a violation of a federal criminal reporting statute, 18 U.S.C. § 2258A, which requires internet service providers ("ISPs") who have actual knowledge of a user's receipt or distribution of child pornography to report the violation or be subject to fines from the Attorney General.  *See* 18 U.S.C. § 2258A.  Finally, plaintiff alleges a state law claim for violation of Cal. Bus. & Prof. Code § 17200 (hereafter, the "UCL"), based on the allegation that Defendants had "inadequate age verification systems in place that enabled users to upload child pornography to Defendants' websites."  (Compl. ¶ 168.)

Only *three* of the Complaint's 178 paragraphs of allegations say anything at all about the Entity Defendants.  As to WGCZ Holdings as and WGCZ Limited sro there are simply no specific factual allegations other than identifying their principal place of business and the owners or managers of these entities.  (Compl. ¶ 17(b), (c).)  As to Traffic F, the only allegation is that they run Traffic Factory, WGCZ's advertising platform.  (Compl. ¶ 17e.)  As to FTCP, the only allegation is that it was formerly FLIRT4FREE.cz, a webcam platform that can be accessed through the XVideos website which allows for live interactive chats with webcam models, a feature that is not implicated by plaintiff's allegations.  (Compl. ¶ 17g.)  As to HC Media, HC Multimedia and FBP Media, the only allegation is that they attempted to trademark Hidden Cams, which also has nothing to do with plaintiff's allegations. (Compl. ¶ 17i-k.)  As to the remaining two Entity Defendants, plaintiff alleges GTFlix, TV owns Legal Porno, a production studio that films adult content posted to WGCZ's websites (Compl. ¶¶ 17f, 80) and VS Media, which currently owns and operates Flirt4Free, the webcam platform.  (Compl. ¶¶ 7,8 17h.)

Likewise, only *three* of the Complaint's 178 paragraphs of allegations say anything at all about the Pacauds.  These allegations are limited to their last known residences and identifying their roles as executives and owners of WGCZ and affiliated entities.  (Compl. ¶¶ 17, 20-21.)

The remaining allegations categorically lump all of the Entity Defendants and the Pacauds together with WGCZ as the "WGCZ Defendants" and refer to their actions as a vague, non-particularized group.  (*See, e.g.*, Compl. ¶¶ 48, 50, 132, 133).

## Argument

## I.   THE COMPLAINT FAILS TO ALLEGE ANY FACTS TO STATE CLAIMS FOR RELIEF AGAINST THE ENTITY DEFENDANTS

### A.   *Twombly* **Requires Plaintiff to Allege Plausible Facts Specific to Each Defendant Giving Rise to a Claim**

In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007), the Supreme Court "retired" the formulation of the pleading standard set forth in *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  To survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (citations omitted).

Pleading standards demand "more than an unadorned, the-defendant unlawfully-harmed-me accusation" and "more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citations omitted).  Thus, a pleading that offers only "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," or one that sets forth "'naked assertions' devoid of 'further factual enhancement,'" will not survive under this standard. *Id*. (quoting *Twombly*, 550 U.S. at 557).  Dismissal is warranted when there is a lack of a cognizable theory or an absence of sufficient facts

alleged under such a theory.  *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015).

The Supreme Court has adopted a two-step approach to determine whether a complaint complies with these standards.  *See Iqbal*, 556 U.S. at 678.  First, the Court must disregard legal conclusions because they are "not entitled to be assumed true."  *Id.* at 664.  Second, the Court must consider the remaining well-pleaded and non-conclusory factual allegations and determine whether they, standing alone, suffice to state a plausible claim for relief.  *Id.*

**B.   There Are No Factual Allegations Specific to The Entity Defendants To Support Plaintiff's Claims**

Plaintiff is suing each of the Entity Defendants for all five claims listed in her Complaint.  It is clear based on the elements required to prove each cause of action that plaintiff's Complaint does not even attempt to allege facts to support these claims against these Defendants; in fact, plaintiff does not allege *any* facts to support her claims against the Entity Defendants.

**1.   Claim I: 18 U.S.C. § 1595**

Plaintiff first alleges a civil claim under 18 U.S.C. § 1595 of the TVPRA for violations of federal criminal statute 18 U.S.C. § 1591.  Section 1595 allows civil litigants to recover damages for violations of 18 U.S.C. §1591, which is a federal criminal statute punishing defendants who knowingly benefit financially from participation in a sex trafficking venture.  18 U.S.C. § 1591(a).

"To adequately allege 'participation in a venture in violation of 18 U.S.C. § 1591(a)(2),' plaintiff must plead facts suggesting that [defendant] (i) 'knowingly benefitted, (ii) from participation in a commercial sex trafficking venture, (iii) while knowing (or in reckless disregard of the fact) that means of force, fraud or coercion would be used to cause the trafficked person to engage in a commercial sex act.'"  *Noble v. Weinstein*, 335 F. Supp. 504, 523–4 (S.D.N.Y. 2018) (quoting *United States v. Afyare*, 632 F. App'x 272, 283 (6th Cir. 2016)).

"Because guilt, or in this case liability, cannot be established by association alone, plaintiff must allege specific conduct that furthered the sex trafficking venture. Such conduct must have been undertaken with the knowledge, or in reckless disregard of the fact, that it was furthering the alleged sex trafficking venture. In other words, some participation in the sex trafficking act itself must be shown." *Id.*

### (a)   There Are No Facts Alleged As To Any Of The Entity Defendants

The Complaint is devoid of *any* facts specific to these Entity Defendants that would constitute a violation of Section 1591(a)(2). Plaintiff does not allege that any of the Entity Defendants had any role whatsoever in plaintiff's trafficking. The Complaint does not allege that these Entity Defendants were aware, or even should have been aware, that plaintiff was trafficked as a minor, or that these Defendants were aware of her videos on the XVideos website. The Complaint does not allege that these Defendants took any role in what happened to her or facilitated the conduct of her trafficker(s). The Complaint does not allege any facts plausibly suggesting that any of these Entity Defendants knowingly benefited from a sex trafficking venture involving the plaintiff.

Rather, plaintiff makes three inflammatory and wholly conclusory allegations that "[o]n information and belief," (1) "WGCZ entity member/manager Miroslav Mrna directs and/or controls a sex trafficking venture involving pornography performers that spans several countries, including the Czech Republic, Romania, and Colombia;" (2) "VS Media, Inc., California-based employees Brad Estes and Jamie Rodriguez are co-conspirators in Miroslav Mrna's sex trafficking venture" and (3) "the Legal Porno studio owned and/or controlled by WGCZ entity GTFlix TV, sro has used force, fraud, and coercion against women performers, who were severely injured by the extreme and violent nature of the pornography filming." (Compl. ¶¶ 31-33.)

These allegations are insufficient to state claims for violation of Section 1591 against Defendants GTFlix, TV or VS Media for multiple reasons. First, there are no

facts to support these conclusory allegations.  Second, Miroslav Mrna, the VS Media employees and Legal Porno are not even named defendants in this case.  Third, there are no factual allegations that these individuals or Legal Porno had anything to do with this particular plaintiff or her allegations of trafficking, which is the relevant standard for liability.  *Kik Interactive, Inc.*, 482 F. Supp. 3d 1242, 1251 (S.D. Fla. 2020) (Plaintiff must prove defendant "knowingly participated in the sex trafficking venture *involving her*," not just that defendant knew that "*other* sex trafficking incidents occurred."); *B.M. v. Wyndham Hotels & Resorts, Inc.*, 2020 WL 4368214, at *6 (N.D. Cal. July 30, 2020) (General allegations about sex trafficking problems is not enough to put defendant on notice about the sex trafficking of this plaintiff.); *see also* WGCZ Motion Section III.  Finally, there are no allegations that GTFlix, TV or VS Media actively participated in or knowingly benefited from the unidentified venture that trafficked plaintiff.  Thus, these baseless conclusions are insufficient to state plausible claims of violations of Section 1591 against any of the Entity Defendants, including VS Media and GTFlix TV.

### (b)    <u>Section 1595 Does Not Reach The Conduct of The Foreign Entity Defendants</u>

This claim also fails as to the foreign Entity Defendants – WGCZ Holdings as, and WGCZ Limited sro, Traffic F, GTFlix TV, FTCP, HC Media, and FBP Media – because Section 1595 does not apply to non-U.S. defendants who are not present in the United States.  "The scope of an extraterritorial statute … turns on the limits Congress has (or has not) imposed on the statute's foreign application[.]"  *RJR Nabisco, Inc. v. Eur. Cmty.*, 136 S. Ct. 2090, 2101, 195 L. Ed. 2d 476 (2016).  "[U]nless there is the affirmative intention of the Congress clearly expressed to give a statute extraterritorial effect . . . it has none."  *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 255, 130 S.Ct. 2869, 2873, 177 L.Ed.2d 535 (2010) (citation omitted).  In 2008, Congress amended the TVPRA to add a limited grant of extraterritorial jurisdiction for violations of § 1595.  *Ratha v. Phatthana Seafood Co.*, 2017 WL 8292922, at *3 (C.D. Cal. Dec.

21, 2017). 18 U.S.C. §1596(a) expressly limits the Court's extraterritorial jurisdiction to cases in which:

(1)   an alleged offender is a national of the United States or an alien lawfully admitted for permanent residence (as those terms are defined in section 101 of the Immigration and Nationality Act (8 U.S.C. 1101)); or

(2)   an alleged offender is present in the United States, irrespective of the nationality of the alleged offender.

As plaintiff concedes, each of these Entity Defendants are Czech entities with their "place of business at Krakovská 1366/25, Nové Mêsto, 110 00 Prague" or "Vodič kova 791/41, Nové M6sto, 110 00 Prague." (Compl. at ¶ 17(b),(c), (e), (f), (g), (i), (k).) The Complaint does not allege (nor can it) that any of these Entity Defendants are U.S. nationals or otherwise present in the United States. As such, plaintiff's claim for sex trafficking against WGCZ Holdings, and WGCZ Limited, Traffic F, GTFlix TV, FTCP, HC Media, and FBP Media under § 1595 does not come within § 1596's limited extraterritorial jurisdiction, which deprives this Court of subject matter jurisdiction over them. *Ratha*, 2017 WL 8292922, at *3.

## 2.   Claims II and III: 18 U.S.C. §§ 2252, 2252A and 2260

Plaintiff next alleges civil causes of action under 18 U.S.C. § 2255 for violations of federal criminal statutes 18 U.S.C. § 2252, 2252A and 2260. 18 U.S.C. §2255 allows civil litigants to sue in District Court and recover damages for violations of federal criminal statutes including 18 U.S.C. §2252, §2252A and §2260. (Comp. ¶¶ 150, 152, 155.)

Plaintiff fails to state a plausible claim for relief against the Entity Defendants under these statutes as well. A claim under 18 U.S.C. § 2252 requires proof the defendant knowingly received, distributed or reproduced a visual depiction which involves the use of a minor engaging in sexually explicit conduct and is a visual depiction of such conduct. 18 U.S.C. § 2252. A claim under 18 U.S.C. § 2252A requires proof the defendant knowingly received or distributed any child pornography or any material that contains child pornography. Lastly, a claim under 18 U.S.C. §

2260 requires proof the defendant knowingly received, distributed or possessed with intent to distribute any visual depiction of a minor engaging in sexually explicit conduct.  18 U.S.C. § 2260.

First, there are no allegations that plaintiff's videos, which appeared on XVideos.com, were ever provided to or distributed by any of these Entity Defendants. (Compl. ¶¶ 129-130.)

Second, plaintiff must allege facts establishing knowledge on the part of the Entity Defendants for each of these claims.  *See* 18 U.S.C. §§ 2252, 2252A, 2258A and 2260; *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 78 (1994) ("[T]he term 'knowingly' in § 2252 extends both to the sexually explicit nature of the material and to the age of the performers"); *United States v. Rogers*, 474 F. App'x 463, 476-77 (7th Cir. 2012) ("Section 2252 and Section 2252A 'are materially identical' such that 'knowingly' should be construed for" both (quoting *United States v. Malik*, 385 F.3d 758, 760 (7th Cir. 2004))).  Plaintiff fails to allege any facts that would plausibly establish that any of the Entity Defendants received, possessed or distributed these videos with knowledge of plaintiff's age.

Finally, as to the foreign Entity Defendants, plaintiff's claims under 18 U.S.C. §§ 2252 and 2252A fail because these statutes do not apply extraterritorially.  "It is a basic premise of our legal system that, in general, 'United States law governs domestically but does not rule the world.'" *RJR Nabisco, Inc.*, 136 S. Ct. at 2100 (quoting *Microsoft Corp. v. AT & T Corp.*, 550 U.S. 437, 454 (2007)).  "Absent clearly expressed congressional intent to the contrary, federal laws will be construed to have only domestic application." *Id.* (quoting *Morrison*, 561 U.S. at 255).  "When a statute gives no clear indication of an extraterritorial application, it has none." *Morrison* at 255. There is nothing in the text of Sections 2252 or 2252A to reflect a clear congressional intent that these statutes apply extraterritorially.  To the contrary, the statutes expressly limit their reach to conduct which occurred "in the special maritime and territorial jurisdiction of the United States, or on any land or building owned by, leased to, or

otherwise used by or under the control of the United States Government, or in the Indian country." 18 U.S.C. §§ 2252(a)(3), (a)(4); 2252A(a)(4), (a)(5). Thus, plaintiff's Claim II under 18 U.S.C. §§ 2252 and 2252A must be dismissed against the Czech entities WGCZ Holdings, WGCZ Limited, Traffic F, GTFlix TV, FTCP, HC Media, and FBP Media for this reason as well.

### 3.   Claim IV: 18 U.S.C. § 2258A

Plaintiff also asserts a claim under 18 U.S.C. Section 2258A, a federal criminal reporting statute which requires any provider that "obtains actual knowledge" of a user's receipt or distribution of child pornography to notify the National Center for Missing and Exploited Children ("NCMEC") or be subject to fines from the Attorney General.  18 U.S.C. § 2258A(a).

First, as explained in the accompanying 12(b)(6) Motion to Dismiss filed by Defendants WGCZ and NKL, this statute does not provide plaintiff a private cause of action and in any event, plaintiff would lack standing to assert such a violation.  *See* WGCZ 12(b)(6) Motion at 25; *see also Doe v. Reddit, Inc.*, 2021 U.S. Dist. LEXIS 129876, at *8-11 (C.D. Cal. July 12, 2021) .

Second, plaintiff does not allege any facts to suggest that any of the Entity Defendants would meet the definition of "providers" who would have a duty to report their "users" under the statute.  In fact, several of the Entity Defendants are not websites which would even have users to report on.  There are no specific allegations as to the nature of WGCZ Holdings, or WGCZ Limited.  (Compl. ¶ 17b, c.)  HC Media, HC Multimedia and FBP Media are entities that own trademarks unrelated to this lawsuit.  (Compl. ¶ 17d,i-k.)  GTFlix is a production studio that films adult content posted to WGCZ's websites but is not alleged to have had anything to do with

1    plaintiff's videos.   (Compl. ¶ 17f.)   Traffic F runs the advertising platform for

2    XVideos.com.  (Compl. ¶ 17e.)[5]

3        Third, this statute also requires plaintiff to prove that the Entity Defendants had

4    actual knowledge of a user's receipt or distribution of plaintiff's videos and she fails to

5    allege any facts to support that any of the Entity Defendants had any knowledge

6    whatsoever of plaintiff, her trafficking, or the videos uploaded to XVideos.com.

7        Fourth, this criminal reporting statute does not apply to the foreign Entity

8    Defendants located outside of the United States.   There is nothing in the language of

9    Section 2258A to demonstrate clear congressional intent to impose on foreign entities a

10    duty to report child pornography found on their servers to a domestic nonprofit

11    organization, NCMEC, or be subject to criminal enforcement proceedings.   WGCZ

12    12(b)(6) Motion at 21-23.  As such, this claim fails for this reason as well.

13              **4.**      <u>**Claim V:  Cal. Bus. & Prof. Code § 17200**</u>

14        Plaintiff also alleges a state law claim for violation of Cal. Bus. & Prof. Code §

15    17200 (hereafter, the "UCL"), which requires proof the Entity Defendants engaged in

16    unlawful, unfair, and fraudulent business acts and practices.  Cal. Bus. & Prof. Code §

17    17200.   Plaintiff's UCL claim is based on the allegation that Defendants had

18    "inadequate age verification systems in place that enabled users to upload child

19    pornography to Defendants' websites."  (Compl. ¶ 168.)

20        Again, plaintiff's claim regarding allegedly inadequate age verification systems

21    relates to the website XVideos.com, where her videos were uploaded.  The Complaint

22    is silent as to how any of these Entity Defendants have any relation to the monitoring

23    practices of XVideos.com.  In any event, such allegations would be barred by Section

24

25       [5]  VSMedia owns and operates a platform, previously operated by FTCP, that can

26    be accessed through the XVideos website which allows for live interactive chats with
   webcam models, but this is a feature that is not implicated by plaintiff's allegations.

27    (Compl. ¶ 17g, h.)  To the extent these Defendants are considered ISPs, plaintiff's
   claims against them would be immune under Section 230 for the reasons explained in

28    the 12(b)(6) Motion filed by WGCZ and NKL.  WGCZ 12(b)(6) Motion at 6-21.

230.  *See* WGCZ 12(b)(6) Motion at 20-21.  As a result, this claim too must be dismissed for failure to allege facts specific to the Entity Defendants to support this claim.

In addition, the foreign Entity Defendants are not subject to claims under the UCL, which does not have extraterritorial reach.  "Neither the language of the UCL nor its legislative history provides any basis for concluding the Legislature intended the UCL to operate extraterritorially.  Accordingly, the presumption against extraterritoriality applies to the UCL in full force."  *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207 (2011).  This presumption extends not only to where a defendant is outside of California domestically, but where a defendant is outside of the United States as well.  *See In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 916 n.25 (C.D. Cal. 2011); *Grupo Bimbo, S.A. B. De C.V. v. Snak-King Corp.*, 2014 WL 12610141, at *3 n.2 (C.D. Cal. Oct. 2, 2014).

## C.   Plaintiff Cannot Rely on Group Allegations To Support Her Claims Against the Entity Defendants

Without any facts to support the claims against these Entity Defendants, plaintiff categorically and impermissibly lumps all of the Defendants together with WGCZ, referring only to the actions of the "WGCZ Defendants" as a vague, non-particularized group throughout the Complaint.  (*See, e.g.*, Compl. ¶¶ 30, 48, 50, 132-133.)

Such "undifferentiated pleading against multiple defendants is improper."  *Aaron v. Aguirre*, 2007 WL 959083, at *16 n.6 (S.D. Cal. Mar. 8, 2007).  "Plaintiff must allege the basis of h[er] claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the claim to put defendants on sufficient notice of the allegations against them."  *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (dismissing claim where "all defendants are lumped together in a single, broad allegation.").  Indeed, "[a] complaint that lumps together [multiple] 'individual defendants' . . . fails to give 'fair notice' of the claim to those defendants."  *In re Sagent Tech., Inc., Derivative Litig.*, 278 F. Supp. 2d 1079,

1094–95 (N.D. Cal. 2003) (granting motion to dismiss because plaintiff's allegations did "not indicate which individual defendant or defendants were responsible for which alleged wrongful act").

Plaintiff's failure to identify specifically what each of the Entity Defendants' purported activities were which give rise to liability requires dismissal of the Complaint against them.

### D. Plaintiff Cannot Rely On Conclusory Alter Ego Allegations To Support Her Claims Against The Entity Defendants

Plaintiff's conclusory assertion of "alter egos" is insufficient to salvage her claims against the Entity Defendants. The Complaint alleges that the Entity Defendants "commonly engage in a kind of corporate shape-shifting: altering their names, switching directors around, deleting some corporations and forming others" and that each of these Entity Defendants "acts as the alter ego of the others." (Compl. ¶ 17, 19, 22.) These allegations are insufficient to establish a plausible claim of alter ego liability. The alter ego doctrine arises when a defendant "is using the corporate form unjustly and in derogation of the plaintiff's interests." *Mesler v. Bragg Mgmt. Co.*, 39 Cal. 3d 290, 300 (1985) (citation omitted).

To invoke alter ego liability, there must be (1) "such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist;" and (2) "if the acts are treated as those of the corporation alone, an inequitable result will follow." *Id*. (citation omitted). The "unity of interest" element requires "a showing that the parent controls the subsidiary 'to such a degree as to render the latter the mere instrumentality of the former.'" *Doe v. Unocal Corp.*, 248 F.3d 915 (9th Cir. 2001) (quoting *Calvert v. Huckins*, 875 F.Supp. 674, 678 (E.D. Cal. 1995)). The "inequitable result" element "exists to address circumstances in which 'adherence to the fiction of the separate existence of the corporation would, under the particular circumstances, sanction a fraud or promote injustice' . . . . Bad faith is a critical factor

in the analysis." *Gerritsen v. Warner Bros. Ent. Inc.*, 116 F. Supp. 3d 1104, 1143 (C.D. Cal. 2015) (citations omitted).

The Complaint fails to allege facts to support either of these elements with respect to any of the Entity Defendants.   "Conclusory allegations of alter ego status . . . are not sufficient." *Hokama v. E.F. Hutton & Co. Inc.*, 566 F. Supp. 636, 647 (C.D. Cal. 1983); *Gerritsen*, 116 F. Supp. 3d at 1136 ("a plaintiff must allege specific facts supporting both of the necessary elements" under the alter ego doctrine.).   Because plaintiff fails to allege facts to support an alter ego theory, she cannot rely on vicarious liability to avoid dismissal of the claims against the Entity Defendants.

## II. THE COMPLAINT FAILS TO ALLEGE SUFFICIENT FACTS TO ESTABLISH THE PACAUDS ARE VICARIOUSLY OR PERSONALLY LIABLE FOR HER CLAIMS

Plaintiff also individually names the Pacauds, executives and owners of WGCZ, and is suing them for all five claims listed in her Complaint.  Plaintiff's claims against the Pacauds must be dismissed because she fails to allege any facts to support a plausible claim that they are vicariously or personally liable for any of her asserted claims.  (Compl. ¶¶ 17, 20-21.)  Instead, just as with the Entity Defendants, plaintiff categorically and impermissibly lumps the Pacauds together with the other Defendants, referring only to the actions of the "WGCZ Defendants" as a vague, non-particularized group throughout the Complaint.  (*See, e.g.*, Compl. ¶¶ 30, 48, 50, 132–33.)

Courts have consistently stated that "a corporate executive will not be held vicariously liable, merely by virtue of his office, for the torts of his corporation." *Murphy Tugboat Co. v. Shipowners & Merchants Towboat Co., Ltd.*, 467 F. Supp. 841, 852 (N.D. Cal. 1979), *aff'd sub nom. Murphy Tugboat Co. v. Crowley*, 658 F.2d 1256 (9th Cir. 1981).  Accordingly, the fact that the Pacauds are WGCZ executives or owners is not sufficient to make them vicariously liable for any alleged conduct by the company.  Rather, a corporate officer or director is only personally liable for torts which he or she authorizes, directs or participates in.  *Transgo, Inc. v. Ajac*

*Transmission Parts Corp.*, 768 F.2d 1001, 1021 (9th Cir. 1985). In order to sufficiently plead claims against individual defendants, a plaintiff must allege "facts that demonstrate that [the] [i]ndividual [d]efendants approved, ratified, or directly contributed to the [alleged] conduct." *Arcona, Inc. v. Farmacy Beauty, LLC*, 2018 WL 1441155, at *10 (C.D. Cal. Mar. 22, 2018); *Murphy Tugboat Co.*, 467 F. Supp. at 852.

Here, plaintiff does not allege any facts that the Pacauds approved, ratified or directly contributed to her trafficking, the recording, uploading or dissemination of her videos. In fact, the only allegations in plaintiff's Complaint about the Pacauds consist of their last known residences and their roles at the companies. (Compl. ¶¶ 17, 20-21.) Where, as here, a plaintiff relies on "summary assertions" without alleging any "affirmative action" taken by that individual defendant, dismissal is appropriate. *Arcona, Inc.*, 2018 WL 1441155, at *11. Thus, plaintiff's claims against the Pacauds must be dismissed as well.

In addition, plaintiff's claims against the Pacauds, both of whom are located outside of the United States (Compl. ¶¶ 20, 21), fail for the additional reason that these statutes do not have extraterritorial reach, for the reasons explained above.

## Conclusion

For the reasons stated herein, plaintiff's Complaint should be dismissed with prejudice for failure to state a plausible claim for relief against the Entity Defendants WGCZ Holdings as, and WGCZ Limited sro; Traffic F, sro; GTFlix TV, sro; FTCP, sro; VS Media, Inc., HC Media, HC Multimedia LLC, and FBP Media, or the Pacauds.

1   DATED:  August 23, 2021       QUINN EMANUEL URQUHART &
2                                                SULLIVAN, LLP

3

4                                       By _____ */s/ Michael Williams* _____
5                                              Michael T. Zeller
6                                              Michael E. Williams
                                             Diane Cafferata
7                                              Attorneys for Defendants
8                                              WebGroup Czech Republic, as; WGCZ
                                             Holdings as; and WGCZ Limited sro;
9                                              Traffic F, sro; GTFlix TV, sro; FTCP, sro;
10                                           VS Media, Inc., HC Media, HC
                                          Multimedia LLC, and FBP Media and
11                                           Stephane Michael Pacaud and Deborah
12                                           Malorie Pacaud

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION COMPLAINT