UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| Case No. | 2:21-cv-02428-VAP-SKx | Date | February 25, 2022 |
|---|---|---|---|
| Title | *Jane Doe v. WebGroup Czech Republic, as, et al* | | |

| Present: The Honorable | VIRGINIA A. PHILLIPS, UNITED STATES DISTRICT JUDGE |
|---|---|

| CHRISTINE CHUNG | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   MINUTE ORDER [DKT. 163] (IN CHAMBERS)**

Before the Court is Plaintiff Jane Doe's ("Plaintiff") Motion for Reconsideration of the Court's Amended Order Granting the Czech Defendants' Motion to Dismiss. ("Motion," Dkt. 163).

After considering all the papers filed in support of, and in opposition to, the Motion, the Court deems this matter appropriate for resolution without a hearing pursuant to Local Rule 7-15.  The Court **GRANTS** the Motion **IN PART.**

### I. BACKGROUND

On January 13, 2022, the Court issued an Amended Order dismissing with prejudice all of Plaintiff's claims against the Foreign Defendants[1] for lack of

---

[1] These defendants are: FBP Media sro, FTCP, sro, GTFlix TV, sro, HC Media, sro, NKL Associates sro, Deborah Malorie Pacaud, Stephane Michael Pacaud, Traffic F, sro, WGCZ Holding, as, WGCZ Limited, sro, and WebGroup Czech Republic, as.

personal jurisdiction.  (Dkt. 162).  The Court also dismissed claims against two U.S.-based Defendants without prejudice.  On January 27, 2022, Plaintiff filed the instant Motion for Reconsideration, arguing that the Court failed to take into account certain jurisdictional arguments that Plaintiff offered in her Opposition.  The Foreign Defendants filed an Opposition on February 7, 2022 ("Opp'n," Dkt. 164) and Plaintiff filed a Reply on February 14, 2022 (Dkt. 165).

## II.  DISCUSSION

"A 'motion for reconsideration' is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed within [28] days of entry of judgment.  Otherwise it is treated as a Rule 60(b) motion for relief from a judgment or order."  *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001); *see* Fed R. Civ. P. 59(e).  The instant Motion was filed on January 27, 2022, less than 28 days after the Court's Amended Order Granting Motions to Dismiss was entered.  (Dkt. 162).  Accordingly, the Court will consider the Motion under Rule 59(e).

Rule 59(e) provides that, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59.  Courts have explained that such motions are highly disfavored and will be granted only when: "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error, or (3) there is an intervening change in controlling law."  *Kopelev v. Boeing Co.*, No. LA-CV-20-05805-VAP-(KSx), 2021 WL 3888248, at *1 (C.D. Cal. July 29, 2021) (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

Local Rule 7-18 states that a motion for reconsideration may only be brought on the following grounds: "(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision."  "Local Rule 7-18 does not narrow the Rule(60)(b) grounds or the factors, but rather provides additional guidance for applying them."  *City of Indio v. Solomon*, No. EDCV 11-01982-VAP(OPx), 2012 U.S. Dist. LEXIS 196137, 2012 WL 12888855, at *6 (C.D. Cal. Aug. 1, 2012).

### A. Personal Jurisdiction

In its original Order, the Court found that Plaintiff failed to establish that the Foreign Defendants "purposely direct[ed]" their activities at the United States, which is the first requirement for a Plaintiff to establish specific personal jurisdiction. (*See* Dkt. 162, at 12-13). Plaintiff is required to establish four elements to show purposeful direction: "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1209 (9th Cir. 2020) (citations omitted). The Court determined that Plaintiff's arguments failed as to the second element—she did not show that Defendants "expressly aimed" their conduct at the United States. Relying on a factually similar decision, *AMA Multimedia, LLC v. Wanat*, the Court explained that factors such as the interactivity of the website, the percentage of website traffic coming from U.S. visitors, and the website's use of geo-located advertising are insufficient to establish "express aiming" for purposes of specific jurisdiction. (*See* Dkt. 162, at 15).

Now, Plaintiff argues the Court failed to take into account other "material evidence" showing that WebGroup Czech Republic, a.s. ("WGCZ") and NKL Associates, s.r.o. ("NKL") expressly aimed their conduct at the United States. (Motion, at 4). According to Plaintiff, the Court failed to consider that WGCZ and NLK have four additional contacts with the United States, including: 1) using United States content-based delivery networks ("CDNs") to copy original content to servers located in the United States; 2) registration and ownership of several U.S. trademarks to protect the XVideos and Xnxx names; 3) contracting with U.S. entities EPOCH, Paypal, Google, and Twilio to target U.S. users and advertisers; and 4) contracting with U.S. Defendant ServerStack to analyze new video uploads.

The Court finds that Plaintiff has failed to meet the standards imposed by Rule 59(e) and Local Rule 7-18 to merit reconsideration of the Order. Plaintiff has not made a "manifest showing of a failure to consider material facts." Rather, Plaintiff is attempting to reorganize the arguments in her Opposition to satisfy the elements of personal jurisdiction, when the Opposition never relied upon these facts in this manner.

Although Plaintiff did mention the four facts described above in her Opposition, she did not present them as support for the "express aiming" prong

of the purposeful direction test.[2] Rather, as the Court correctly analyzed in its Order, Plaintiff relied only on the website's interactivity, rate of website traffic from U.S. consumers, and geo-located advertising to establish that Defendants expressly aimed their conduct at the United States. (*See* Dkt. 141, at 6-7). The Court correctly held that the holding in *Ama Multimedia* forecloses Plaintiff's arguments to this effect. As Defendants point out, "[t]he Court was not required to search for every fact in the record and explain why it did not support the exercise of personal jurisdiction over the Foreign Defendants." (Opp'n, at 10). Plaintiff had the opportunity to craft an argument based on these facts and failed to do so. "The Court is not here to 'do [a litigant's] work for it, either by manufacturing its legal arguments, or by combing the record on its behalf for factual support.'" *RePET, Inc. v. Zhao*, No. CV-15-02315-VAP (SPx), 2018 WL 5099513, at *10 (C.D. Cal. Feb. 9, 2018) (citations omitted).

Secondly, much of Plaintiff's Motion attempts to distinguish this case from *AMA Multimedia*. *See, e.g.,* Motion, at 9 (distinguishing the geo-located advertising in this case from *AMA Multimedia*); *id.* at 7 (relying on the *AMA Multimedia* plaintiff's lack of registered trademarks as support). Yet as the Court noted in its Order, Plaintiff never addressed *AMA Multimedia* in her Opposition, despite the fact that Defendants argued *AMA Multimedia* was controlling in their moving papers. *See* Dkt. 162, at 15 ("Notably, Plaintiff has failed to acknowledge *AMA Multimedia* or attempt to distinguish that case in its papers."). The Ninth Circuit has held that "[a]rguments that could have been raised at the time of a district court's initial decision are not appropriate grounds for reconsideration." *Pollok v. Vanguard Grp., Inc.,* 774 F. App'x 407, 409 (9th Cir. 2019). The Court declines to consider Plaintiff's new arguments as to *AMA Multimedia* now.

Altogether, far from showing a "manifest failure" to consider material facts, Plaintiff's Motion instead inappropriately relies on new or altered arguments that were not advanced in her Opposition. "A motion for reconsideration is not a proper mechanism for presenting new legal theories that the movant failed to raise with respect to the underlying motion . . ." *Reliance Ins. Co. v. Drs. Co.*, 299 F. Supp. 2d 1131, 1154 (D. Haw. 2003), aff'd sub nom. *Reliance Ins. Co. v. Doctors' Co.*, 132 F. App'x 730 (9th Cir. 2005) (citations omitted).

---

[2] Rather, she argued that these four facts showed that "Plaintiff's claims arise out of and relate to Defendant's Contacts with the United States," which is the second requirement of establishing personal jurisdiction. *See* Dkt. 141, at 8. The Court did not reach this analysis in its Order because Plaintiff failed to establish the first requirement.

The Court **DENIES** Plaintiff's Motion for Reconsideration as to dismissing Plaintiff's claims over the Foreign Defendants.

### B.     Dismissal with Prejudice

Lastly, Plaintiff argues the Court erred in dismissing her claims against the Foreign Defendants with prejudice.  On this point, the Court agrees.  The Court erred in dismissing the claims with prejudice because Ninth Circuit precedent clearly states that, "dismissals for failure to effect service and for lack of personal jurisdiction must be without prejudice."  *Fiorani v. Berenzweig*, 441 F. App'x 540, 541 (9th Cir. 2011); *see also Grigsby v. CMI Corp*., 765 F.2d 1369 (9th Cir. 1985) (holding that it was error to dismiss complaint "with prejudice" as to those defendants over whom the trial court found it had no personal jurisdiction).

Therefore, the Court **GRANTS** the Motion for Reconsideration as to the issue of dismissal of Plaintiff's claims with prejudice.  The Order is hereby amended to dismiss Plaintiff's claims **WITHOUT** prejudice against the Foreign Defendants.

### III.     CONCLUSION

Plaintiff's Motion for Reconsideration is **GRANTED** in **PART.**  The Court **DENIES** the Motion as to overturning the Order dismissing Plaintiff's claims against the Foreign Defendants.  The Court **GRANTS** The Motion as to amending the Order to dismiss the claims **WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**