1    **QUINN EMANUEL URQUHART**
2    **& SULLIVAN, LLP**
     Michael T. Zeller (Bar No. 196417)
     michaelzeller@quinnemanuel.com
3    Michael E. Williams (Bar No. 181299)
     michaelwilliams@quinnemanuel.com
4    Diane Cafferata (Bar No. 190081)
     dianecafferata@quinnemanuel.com
5    Dylan C. Bonfigli (Bar No. 317185)
     dylanbonfigli@quinnemanuel.com
6    865 South Figueroa Street, 10th Floor
     Los Angeles, California 90017-2543
7    Telephone:  (213) 443-3000
     Facsimile:  (213) 443-3100
8
     *Attorneys for Defendants WebGroup*
9    *Czech Republic, a.s.; WGCZ Holding,*
     *a.s.; WGCZ Limited, s.r.o.; NKL*
10   *Associates s.r.o.; Traffic F, s.r.o.; GTFlix*
     *TV, s.r.o.; FTCP, s.r.o.; HC Media,*
11   *s.r.o.; FBP Media s.r.o.*

12                    UNITED STATES DISTRICT COURT

13                    CENTRAL DISTRICT OF CALIFORNIA

14

15   JANE DOE,                          Case No. 2:21-cv-02428 SPG(SKx)

16              Plaintiff,              **DEFENDANTS' NOTICE OF**
                                        **MOTION AND MOTION TO**
17        v.                            **DISMISS SECOND AMENDED**
                                        **COMPLAINT FOR FAILURE TO**
18   WEBGROUP CZECH REPUBLIC,           **STATE A CLAIM PURSUANT TO**
     A.S., *et al.*,                    **RULE 12(b)(6)**
19
20              Defendants.            Judge:  Hon. Sherilyn Peace Garnett
                                       Hearing Date:  October 16, 2024
21                                     Hearing Time:  1:30 p.m.

22                                     *Concurrently filed with [Proposed]*
                                       *Order and Request for Judicial Notice*
23
                                       Complaint Filed:  March 18, 2021
24                                     Trial Date:  None Set

25

26

27

28

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on October 16, 2024, at 1:30 p.m. or as soon thereafter as the matter can be heard in Courtroom 5C of the U.S. District Court for the Central District of California, located at First Street Courthouse, 350 W. 1st Street, 8th Floor, Los Angeles, California 90012, Defendants WebGroup Czech Republic, a.s. ("WGCZ"); NKL Associates s.r.o. ("NKL"); WGCZ Limited, s.r.o.; NKL Associates, s.r.o.; Traffic F, s.r.o.; GTFlix TV, s.r.o.; FTCP, s.r.o.; HC Media, s.r.o.; and FBP Media s.r.o. (collectively, "Defendants") will and hereby do move for an order dismissing with prejudice Plaintiff Jane Doe's Second Amended Complaint ("SAC") (ECF No. 194). This motion is made under Rule 12(b)(6) of the Federal Rules of Civil Procedure. As shown in the accompanying memorandum, the Court should dismiss the SAC because it fails to state a claim for relief against Defendants.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place by Zoom on August 19, 2024. The parties were not able to reach a resolution that would eliminate the need for this motion.

This motion is based on this notice of motion, the accompanying memorandum of points and authorities, the concurrently filed request for judicial notice and exhibits thereto, the records and files herein, and on such other oral and documentary evidence as may be presented at the hearing on this motion.

DATED:  August 30, 2024                    QUINN EMANUEL URQUHART &
                                           SULLIVAN, LLP

                                           By_____*/s/ Michael E. Williams*_____
                                              Michael T. Zeller
                                              Michael E. Williams
                                              Diane Cafferata
                                              Dylan C. Bonfigli

                                              *Attorneys for Defendants*

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ..................................................................... 1

BACKGROUND .......................................................................................... 3

ARGUMENT ............................................................................................... 7

I.  THE SAC DOES NOT ALLEGE A PLAUSIBLE SEX-TRAFFICKING CLAIM UNDER 18 U.S.C. §§ 1591, 1595 ....................... 7

    A.  Section 230 Bars Plaintiff's Sex-Trafficking Claim ............................ 7

        *1.  WGCZ and NKL provide an interactive computer service* ........... 7

        *2.  Plaintiff seeks to treat WGCZ and NKL as publishers* ................. 8

        *3.  WGCZ and NKL did not create or develop the videos allegedly depicting Plaintiff* ................................................... 9

        *4.  Plaintiff fails to allege sufficient facts to invoke FOSTA's exception* ...................................................................... 14

    B.  Plaintiff Again Fails To Allege Facts That Would Allow This Court to Apply 18 U.S.C. § 1595 To Foreign Defendants .................. 16

    C.  Plaintiff Fails To Allege Any Defendant Participated In A Sex-Trafficking Venture ............................................................. 17

II.  THE SAC DOES NOT STATE A PLAUSIBLE CLAIM FOR RECEIPT OR DISTRIBUTION OF CHILD PORNOGRAPHY UNDER 18 U.S.C. § 2252 OR 18 U.S.C. § 2260 ......................................... 20

    A.  Section 230 Bars Plaintiff's Child-Pornography Claims ..................... 20

    B.  Plaintiff Fails To Plausibly Allege Defendants Knew She Was Underage In The Videos Depicting Her ............................... 21

III.  THE SAC FAILS TO STATE A PLAUSIBLE VIOLATION OF SECTION 1708.85 OF THE CALIFORNIA CIVIL CODE ...................... 22

    A.  Section 230 Bars Plaintiff's Claim Under Section 1708.85 ................ 22

    B.  Plaintiff Fails To Allege Facts Establishing Defendants Knew Or Should Have Known She Had A Reasonable Expectation Of Privacy In The Videos .................................................................. 23

CONCLUSION .......................................................................................... 23

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

<u>Cases</u>

4
5
*A.D., v. Wyndham Hotels & Resorts, Inc.*,
     2020 WL 8674205 (E.D. Va. July 22, 2020) ...................................................... 19

6
7
*Barnes v. Yahoo!, Inc.*,
     570 F.3d 1096 (9th Cir. 2009) ................................................................................ 8

8
9
*Carafano v. Metrosplash.com, Inc.*,
     339 F.3d 1119 (9th Cir. 2003) ................................................................... 9, 10, 12

10
*Doe #1 v. Red Roof Inns, Inc.*,
     21 F.4th 714 (11th Cir. 2021) ........................................................................ 18, 19

11
12
*Doe #1 v. Twitter, Inc.*,
     2023 WL 3220912 (9th Cir. May 3, 2023)........................................................... 21

13
14
*Doe 3 v. Red Roof Inns, Inc.*,
     2020 WL 1872333 (N.D. Ga. Apr. 13, 2020) ...................................................... 19

15
16
*Doe I v. Apple Inc.*,
     2021 WL 5774224 (D.D.C. Nov. 2, 2021)....................................................... 2, 17

17
18
*Doe v. Bates*,
     2006 WL 3813758 (E.D. Tex. Dec. 27, 2006) ..................................................... 21

19
20
*Doe v. Mindgeek USA Inc.*,
     558 F. Supp. 3d 828 (C.D. Cal. 2021).................................................................. 18

21
*Doe v. Reddit, Inc.*,
     2021 WL 5860904 (C.D. Cal. Oct. 7, 2021) ......................................... 8, 13, 21, 22

22
23
*Doe v. Twitter, Inc.*,
     555 F. Supp. 3d 889 (N.D. Cal. 2021)............................................................ 21, 22

24
25
*Does 1-6 v. Reddit, Inc.*,
     51 F.4th 1137 (9th Cir. 2022) ..................................................................... passim

26
27
*Dyroff v. Ultimate Software Grp., Inc.*,
     934 F.3d 1093 (9th Cir. 2019) ....................................................................... 12, 13

28

*Fed. Agency of News LLC v. Facebook, Inc.*,
   432 F. Supp. 3d 1107 (N.D. Cal. 2020) ................................................................ 10

*Gonzalez v. Google*,
   2 F.4th 871 (9th Cir. 2021) ........................................................... 7, 13, 20

*Kimzey v. Yelp! Inc.*,
   836 F.3d 1263 (9th Cir. 2016) ...................................................... 10, 12

*L.W. through Doe v. Snap Inc.*,
   675 F. Supp. 3d 1087 (S.D. Cal. 2023) .......................................... 16

*Morrison v. Nat'l Aus. Bank Ltd.*,
   561 U.S. 247 (2010) ...................................................................... 17

*Ratha v. Phatthana Seafood Co.*,
   35 F.4th 1159 (9th Cir. 2022) ....................................................... 17

*S.J. v. Choice Hotels Int'l, Inc.*,
   473 F. Supp. 3d 147 (E.D.N.Y. 2020) ........................................... 18

*United States v. Afyare*,
   632 F. App'x 272 (6th Cir. 2016) ............................................ 19, 20

## Statutes

18 U.S.C. § 1591 ....................................................................... passim

18 U.S.C. § 1591(a)(1) ............................................................ 14, 15

18 U.S.C. § 1591(a)(2) ..................................................................... 15

18 U.S.C. § 1595 ....................................................................... passim

18 U.S.C. § 1595(a) .......................................................................... 18

18 U.S.C. § 1596 ................................................................ 2, 4, 16, 17

18 U.S.C. § 2252 ...................................................................... passim

18 U.S.C. § 2252A .............................................................. 2, 7, 21

18 U.S.C. § 2255 ............................................................................. 21

18 U.S.C. § 2258A(f)(3) ............................................................ 16, 20

18 U.S.C. § 2260 ............................................................................................... passim

47 U.S.C. § 230(c)(1) ........................................................................................ passim

47 U.S.C. § 230(e)(3) ............................................................................................... 22

47 U.S.C. § 230(e)(5)(A) ....................................................................................... 2, 14

47 U.S.C. § 230(f)(3) ................................................................................................. 9

Cal. Civil Code § 1708.85 .................................................................... 3, 4, 7, 22, 23

Cal. Civil Code § 1708.85(a) ................................................................................... 23

Cal. Civil Code § 1708.85(h) ................................................................................... 22

## **PRELIMINARY STATEMENT**

On July 24, 2024, this Court issued a 23-page order that explained in detail the multiple deficiencies in Plaintiff's First Amended Complaint ("FAC") and dismissed it without prejudice on those grounds. ECF No. 192. Plaintiff now has filed a Second Amended Complaint ("SAC"), but it fails to address the grounds that required dismissal of the FAC.[1] Indeed, Plaintiff's SAC relies on the same theories from her FAC while merely adding conclusory allegations that do not alter the bases for this Court's prior dismissal. Because Plaintiff cannot allege plausible facts to support her claims, the Court should dismiss the SAC with prejudice.

*First*, Plaintiff's SAC provides no new factual allegations that would change this Court's ruling that her claims are barred by section 230 of the Communications Decency Act. *See* ECF No. 192 at 6-17. The Court previously held that Defendants are immune from liability under section 230 because they did not create or develop the child sexual abuse material ("CSAM") for which Plaintiff seeks to hold them liable. *Id.* at 16. The Court rejected Plaintiff's argument that the use of tags, categories, and search algorithms on websites transformed Defendants into content creators, finding these to be neutral tools that did not materially contribute to the illegality of the CSAM. *Id.* at 13-16. The Court further concluded that Plaintiff's allegations failed to sufficiently allege that Defendants encouraged or required third parties to upload CSAM; to the contrary, their "terms of service explicitly prohibit CSAM." *Id.* at 15. Plaintiff's SAC alleges no new facts that would change this result. Plaintiff's SAC instead continues to rely on the same neutral tools while adding the conclusory and insufficient assertion that these tools "materially contribute" to the illegality of the content. Section 230 still bars all of Plaintiff's claims.

*Second*, the SAC does not allege sufficiently plausible facts to invoke an

---

[1]    Attached as **Exhibit A** is a redline showing the differences between the allegations in the FAC and the SAC.

exception to section 230 in the Fight Online Sex Trafficking Act ("FOSTA").  47 U.S.C. § 230(e)(5)(A).  Like the FAC dismissed by the Court, the SAC alleges no facts that would establish Defendants engaged in criminal sex trafficking, as required under the Ninth Circuit's decision in *Does 1-6 v. Reddit, Inc.*, 51 F.4th 1137, 1145 (9th Cir. 2022).  Rather, the SAC continues to rely on allegations that are insufficient under *Reddit* and this Court's prior ruling.  Thus, the SAC fails to overcome section 230 immunity based on FOSTA's exception.

**Third**, the SAC fails to plead any new facts that would change this Court's ruling that the Defendants—all of which are foreign entities—are beyond the territorial reach of section 1595.  *See* ECF No. 192 at 18-20.  As with the dismissed FAC, Plaintiff has not alleged facts satisfying 18 U.S.C. § 1596's requirements for extraterritorial application:  No Defendant is a national of the U.S., an alien lawfully admitted for permanent residence, or physically present in the U.S.  Thus, even if section 1596 could authorize extraterritorial application of civil claims under section 1595, a proposition Defendants dispute, *see Doe I v. Apple Inc.*, 2021 WL 5774224, at *15 (D.D.C. Nov. 2, 2021), it could not do so here, where Plaintiff's SAC confirms the requirements for extraterritorial application are not satisfied.

**Fourth**, the SAC fails to allege a plausible violation of the underlying sex-trafficking statutes, 18 U.S.C. §§ 1591, 1595.  Critically, Plaintiff does not allege facts establishing that any Defendant participated in a venture with her alleged traffickers, which venture the Defendant knew or should have known was engaged in criminal sex trafficking in violation of section 1591.  Plaintiff instead alleges that Defendants did not verify her age when videos of her were uploaded to Defendants' websites and failed to promptly remove the videos in response to her alleged requests.  SAC ¶¶ 199-200.  These allegations do not state a plausible claim that any Defendant had constructive knowledge that they were participating in a sex-trafficking venture.

**Fifth**, in addition to being barred by section 230, Plaintiff again fails to allege a plausible violation of the child-pornography statutes, 18 U.S.C. §§ 2252, 2252A,

2260.   There are still no facts alleged suggesting that Defendants had actual knowledge of Plaintiff's age in the videos.  Plaintiff does not even allege that she told Defendants she was underage when she purportedly requested removal of her videos. *See* SAC ¶¶ 199-200.  Because the SAC fails to plausibly allege that Defendants knowingly received and distributed CSAM, dismissal is warranted here.

*Sixth*, in addition to being barred by section 230, Plaintiff's SAC fails to allege a plausible violation of section 1708.85 of the California Civil Code.  Plaintiff again does not allege facts showing that any Defendant knew or should have known that Plaintiff had a reasonable expectation that the videos depicting her would remain private when they were uploaded to the websites.

For all these reasons, and as set forth in more detail below, this Court should dismiss Plaintiff's SAC with prejudice.

## **BACKGROUND**

*Procedural Background.*   On July 24, 2024, this Court dismissed Plaintiff's FAC against all Defendants and granted Plaintiff leave to amend (ECF No. 192 at 22-23).  First, this Court ruled the FAC's claims were barred by section 230.  *Id.* at 6-16. As to the first prong of section 230, the Court held that "WGCZ and NKL provide an interactive computer service because they run a website."  *Id.* at 7.  As to the second prong, the Court held Plaintiff's claims sought to treat Defendants as publishers because "Plaintiff seeks to hold Defendants liable for 'receipt' of the illicit videos," and "[r]eceipt of materials or content is … simply the first step in any publishing regime."  *Id.* at 13.  As to the third prong, the Court held the videos depicting Plaintiff were "information provided by another information content provider," 47 U.S.C. § 230(c)(1), and thus rejected Plaintiff's arguments that Defendants created or developed the illegal content at issue, ECF No. 192 at 13-16.  Plaintiff "failed to adequately allege that Defendants' conduct goes beyond the neutral tools protected with the ambit of Section 230 immunity."  *Id.* at 14.  Moreover, as the Court recognized, WGCZ's and NKL's "terms of service explicitly prohibit CSAM"—

"distinguish[ing] this case from *Roommates*, where the website 'encouraged' or 'required' the posting of illegal content." *Id.* at 15 (citing ECF No. 137, Ex. A).

Second, this Court held that Plaintiff did not allege sufficient facts to invoke an exception to section 230 in FOSTA with respect to her sex-trafficking claim under 18 U.S.C. §§ 1591, 1595. *Id.* at 16-17. As this Court recognized, the Ninth Circuit held in *Reddit* that "civil plaintiffs seeking to overcome section 230 immunity for sex trafficking claims must plead and prove that a defendant-website's own conduct violated 18 U.S.C. § 1591." *Id.* at 17 (quoting *Reddit*, 51 F.4th at 1145). And "a website does not violate section 1591 if it merely 'provides a platform where it is easy to share child pornography, highlights [webpages] that feature child pornography to sell advertising on those pages, allows users who share child pornography to serve as moderators, and fails to remove child pornography even when users report it.'" *Id.* (quoting *Reddit*, 51 F.4th at 1145).

Third, as to Plaintiff's sex-trafficking claim under section 1595, this Court held Defendants were beyond the territorial reach of section 1596. *Id.* at 18-20. That was because, assuming section 1596 authorized extraterritorial application of civil claims under section 1595, neither of section 1596's requirements for extraterritorial application were met: no Defendant was (1) a national of the U.S. or an alien lawfully admitted for permanent residence or (2) present in the U.S. *Id.* at 19-20.

Fourth, as to Plaintiff's child-pornography claims under 18 U.S.C. §§ 2252, 2260, this Court held that Plaintiff's FAC had "not done enough to plausibly allege that Defendants knowingly received and distributed child pornography." *Id.* at 21. The Court ruled that the FAC's "threadbare allegations" that "minor victims have contacted Defendants to remove videos" were "not sufficient to allege liability under the at-issue statutes." *Id.* at 20-21.

Fifth, the Court held section 230 barred Plaintiff's claim under section 1708.85 of the California Civil Code. *Id.* at 21. The Court did not reach Defendants' alternative argument that Plaintiff had not alleged that any defendant "knew or should

have known that she had a reasonable expectation that the Videos would remain private." *Id.*

Based on the foregoing, the Court dismissed Plaintiff's FAC without prejudice and gave leave to file an amended complaint. *Id.* at 22-23. Plaintiff has now filed an SAC(ECF No. 194), which abandoned her claims against individual Defendants Stephane Michael Pacaud and Deborah Malorie Pacaud (*see id.* at 1).

***Plaintiff's Second Amended Complaint.*** The factual allegations of the FAC concerning Plaintiff remain largely unchanged from the dismissed FAC. *See* SAC ¶¶ 188-206. Plaintiff alleges an unnamed sex trafficker forced her to create videos of persons having sex with her when she was a minor. *Id.* ¶¶ 189-90. According to Plaintiff, four of these videos were uploaded to xvideos.com and xnxx.com, *id.* ¶¶ 192, 194—websites operated by WGCZ and NKL, respectively. Plaintiff does not identify who specifically uploaded the videos. *See id.* ¶ 190. Plaintiff does not allege any Defendant trafficked her or created the videos of her. *See id.* ¶¶ 188-206.

Plaintiff alleges, "Neither XVideos, XNXX, nor any other website, owned or operated by WGCZ Defendants undertook any measures to verify [her] identity or age." *Id.* ¶ 198. Plaintiff also alleges that "[d]uring the time that WGCZ Defendants distributed and advertised the [videos,] they profited financially from the videos through the sale of advertising and by drawing users to their websites." *Id.* ¶ 201. Plaintiff acknowledges WGCZ and NKL removed the videos of Plaintiff in response to a letter from her counsel. *Id.* ¶ 200.

The SAC alleges in a conclusory manner, as did the FAC, that she reached out to WGCZ and NKL "multiple times over the years, beginning in at least 2017, requesting her abuse videos be removed." *Id.* ¶ 199. Plaintiff does not allege that she told WGCZ or NKL that the videos were CSAM or the product of sex-trafficking. *See id.*; Defs.' RJN, Ex. B (content reporting form with text box for the person reporting the content to "fully explain as much as possible the specific problems [that] exist with the content"). Nor does Plaintiff allege any facts demonstrating she, in fact,

1   contacted WGCZ and NKL "multiple times."[2]

2       The SAC largely repeats the same allegations as the FAC relating to how

3   WGCZ and NKL supposedly operate their websites.  Plaintiff continues to allege

4   WGCZ and NKL "developed key words, tags and/or categories to optimize and

5   monetize images and videos that depict CSAM." SAC ¶ 6.  Plaintiff contends "[t]ags,

6   categories, and search suggestions that have been reviewed, categorized and/or edited

7   by WGCZ help users locate the type of video they are searching for, including

8   CSAM." *Id.* ¶ 130.  And Plaintiff alleges, in an allegation that was not present before,

9   that "WGCZ directly created, directed and controlled all engineering which created

10   the algorithm and other tools on the XVideos website which used keywords, tags, and

11   search terms to automatically present users with 'related searches,'" including terms

12   that relate to CSAM.  *Id.* ¶ 131.  Plaintiff's SAC adds a conclusory allegation that

13   WGCZ and NKL's use of these tools "is a material contribution to the unlawful nature

14   of the CSAM on Defendants' websites." *Id.* ¶ 135.

15       Plaintiff's SAC largely repeats the same allegations regarding thumbnails as

16   the FAC.  *Id.* ¶¶ 137-42.  Plaintiff alleges WGCZ and NKL "produce[] thumbnail

17   images and preview videos for uploaded videos." *Id.* ¶ 138.  According to Plaintiff,

18   these thumbnails duplicate a "still image from a video." *Id.* ¶ 139.  The SAC adds

19   allegations that WGCZ and NKL use thumbnails to "maximize the chances a user will

20   click on a video" (*id.* ¶ 138), do "not permit uploaders to use custom thumbnails"

21   (*id.*), and store thumbnails "in a separate location" (*id.* ¶ 140).  Moreover, the SAC

22   adds a conclusory allegation that "[t]he creation and use of thumbnails is a material

23   contribution to the unlawful nature of the CSAM on Defendants' website." *Id.* ¶ 141.

24

25

26       [2]  As Defendants have explained, and Plaintiff has never addressed, "had [she]
used the reporting form on xvideos.com and xnxx.com, as she now claims, … she

27   would have received written acknowledgments of her complaints."  Declaration of
Robert Seifert (ECF No. 134-1) ¶ 24.  Plaintiff has not produced a single written

28   acknowledgment, despite claiming she submitted multiple complaints.  SAC ¶ 198.

Plaintiff's SAC asserts the same claims as her FAC: (1) benefitting from a sex-trafficking venture, 18 U.S.C. §§ 1591, 1595, SAC ¶¶ 210-21, (2) receipt and distribution of child pornography under 18 U.S.C. §§ 2252, 2252A, SAC ¶¶ 222-28, (3) receipt and distribution of child pornography under 18 U.S.C. §§ 2260, SAC ¶¶ 229-33, and (4) distribution of private sexually explicit materials under section 1708.85 of the California Civil Code, SAC ¶¶ 234-39. As with her FAC, Plaintiff seeks to represent a nationwide class (*id.* ¶ 240) and a California subclass (*id.* ¶ 241).

## ARGUMENT

## I. THE SAC DOES NOT ALLEGE A PLAUSIBLE SEX-TRAFFICKING CLAIM UNDER 18 U.S.C. §§ 1591, 1595

Plaintiff's sex-trafficking claim under 18 U.S.C. §§ 1591, 1595 fails for many, independent reasons: it is barred by section 230; Defendants are beyond the territorial reach of the statutes; and Plaintiff fails to allege plausible facts showing any Defendant participated in a sex-trafficking venture with her alleged traffickers.

### A. Section 230 Bars Plaintiff's Sex-Trafficking Claim

Section 230 provides: "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). The statute "precludes liability for '(1) a provider or user of an interactive computer service (2) whom a plaintiff seeks to treat ... as a publisher or speaker (3) of information provided by another information content provider.'" *Gonzalez v. Google*, 2 F.4th 871, 891 (9th Cir. 2021), *rev'd sub nom. on other grounds by Twitter, Inc. v. Taamneh*, 598 U.S. 471 (2023). This Court previously ruled each of these three elements was satisfied as to the FAC's claims. ECF No. 192 at 6-16. The SAC does not allege any new facts that would change that conclusion, as shown below.

#### 1. WGCZ and NKL provide an interactive computer service

There is no question section 230's first element is satisfied: "WGCZ and NKL provide an interactive computer service because they run a website." ECF No. 192 at

7; *see, e.g.*, SAC ¶¶ 2 ("Defendants … operated … domains including XVideos and XNXX").    And "the most common interactive computer services are websites." *Roommates*, 521 F.3d at 1162 n.6.

### 2.    *Plaintiff seeks to treat WGCZ and NKL as publishers*

The SAC seeks to treat WGCZ and NKL as publishers of alleged CSAM.  ECF No. 192 at 13.  "Any activity that can be boiled down to deciding whether to exclude material that third parties seek to post online is perforce immune under section 230." *Roommates*, 521 F.3d at 1170-71.  That is because "publication involves reviewing, editing, and even deciding whether to publish or to withdraw from publication third-party content." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1102 (9th Cir. 2009).  Thus, section 230 "protects websites from liability for material posted … by someone else," *Reddit*, 51 F.4th at 1141, because "[t]he decision to permit users to upload content to a website is a quintessential function of a publisher," *Doe v. Reddit, Inc.*, 2021 WL 5860904, at *6 (C.D. Cal. Oct. 7, 2021).

Here, Plaintiff seeks to hold WGCZ and NKL liable as publishers.  She alleges third parties uploaded CSAM to websites operated by WGCZ and NKL.  SAC ¶¶ 190, 192, 194, 196.  She alleges WGCZ and NKL did not undertake "measure[s] to verify [her] identity or age."  *Id.* ¶ 197.  And she alleges WGCZ and NKL did not remove the videos when she requested they do so.  *Id.* ¶ 199.  Even if those allegations are true, WGCZ's and NKL's decisions "whether to publish or to withdraw from publication third-party content," *Barnes*, 570 F.3d at 1102, are quintessential publishing activities protected by section 230.

Although Plaintiff previously argued that she seeks to hold "WGCZ and NKL liable for their *own* bad acts"—namely, alleged "'receipt' of the illicit videos"—this Court rejected that argument because "[r]eceipt of … content is … the first step in any publishing regime."  ECF No. 192 at 13.  Similarly, this Court also rejected Plaintiff's argument that she seeks to hold Defendants liable for sharing revenue with alleged traffickers, as opposed to publishing, because sharing revenue with uploaders,

1  so long as "neutral with respect to content," does not make a website "a co-developer

2  of illicit content." *Id.* Thus, the second element for section 230 immunity is satisfied.

3  **3.    *WGCZ and NKL did not create or develop the videos allegedly***

4  ***depicting Plaintiff***

5  As to the third element, the videos of Plaintiff that third parties uploaded to

6  Defendants' websites are "information provided by another information content

7  provider." 47 U.S.C. § 230(c)(1). Plaintiff's SAC fails to allege plausible facts

8  showing any Defendant was responsible, in whole or in part, for creating those videos.

9  Plaintiff does not allege any Defendant "created or developed the particular

10  [content] at issue," *Carafano*, 339 F.3d at 1125—the videos of her, SAC ¶¶ 189-90.

11  She does not allege that Defendant was involved in filming or creating the videos, or

12  any Defendant was involved in uploading the videos to the websites. *See id.* And

13  there are no allegations any Defendant encouraged or required the alleged sex

14  traffickers to create or upload the videos. *See id.* ¶ 191. Indeed, as this Court

15  previously recognized, WGCZ's and NKL's "terms of service explicitly prohibit

16  CSAM"—"distinguish[ing] this case from *Roommates*, where the website

17  'encouraged' or 'required' the posting of illegal content." ECF No. 192 at 15.

18  Further, as shown below, none of the allegations about how WGCZ and NKL operate

19  their websites show that they materially contributed to the illegality of the videos.

20  ***WGCZ's and NKL's Neutral Tools Do Not Make Them Content Creators.***

21  Section 230 "immunizes providers of interactive computer services against liability

22  arising from content created by third parties." *Reddit*, 51 F.4th at 1141. But the

23  provider of an "interactive computer service" is not entitled to section 230 immunity

24  if the provider acted as an "information content provider"—that is, a "person or entity

25  that is responsible, in whole or in part, for the ***creation or development*** of information

26  provided through the Internet…." 47 U.S.C. § 230(f)(3) (emphasis added). Thus, a

27  website that "creat[es] or develop[s]" content "by making a material contribution to

28  [its] creation or development" loses section 230 immunity as to that particular content.

1   *Kimzey v. Yelp! Inc.*, 836 F.3d 1263, 1269 (9th Cir. 2016).

2       A "material contribution" does not refer to "merely … augmenting the content

3   generally, but to materially contributing *to its alleged unlawfulness*." *Roommates*,

4   521 F.3d at 1167-68 (emphasis in original).  This test "draw[s] the line at the 'crucial

5   distinction between, on the one hand, taking actions" to display "actionable content

6   and, on the other hand, responsibility for what makes the displayed content [itself]

7   illegal or actionable." *Kimzey*, 836 F.3d at 1269 n.4.

8       A "website does not create or develop content when it merely provides a neutral

9   means by which third parties can post information of their own independent choosing

10  online." *Id.* at 1270.  Thus, a website does not create or develop content if it "does

11  'absolutely nothing to enhance the defamatory sting of the message' beyond the words

12  offered by the [third-party] user." *Id.*  In contrast, if a website requires users to input

13  unlawful content as a condition to use its services, the website is responsible, at least

14  in part, for creating the content and loses its section 230 immunity.  *Roommates*, 521

15  F.3d at 1169-70.  Only "[w]here it is very clear that the website directly participates

16  in developing the alleged illegality [will] immunity will be lost." *Id.* at 1174-75.

17      Moreover, even if a website "could be considered an information content

18  provider" as to some content, section 230 "still bar[s] [a plaintiff's] claim unless [the

19  website] created or developed the ***particular [content] at issue***." *Carafano*, 339 F.3d

20  at 1125 (emphasis added); *accord Fed. Agency of News LLC v. Facebook, Inc.*, 432

21  F. Supp. 3d 1107, 1118 (N.D. Cal. 2020) (section 230 barred plaintiff's claims

22  because plaintiff merely alleged that Facebook "created other content," not the

23  content at issue).  Accordingly, to avoid section 230, Plaintiff must allege facts

24  showing Defendants were involved in creating or developing the aspects of the videos

25  for which Plaintiff seeks to hold Defendants liable.  The SAC does not do so.

26      ***Thumbnails.***  The SAC's allegation that "[t]he creation and use of thumbnails

27  is a material contribution to the unlawful nature of the CSAM on Defendants'

28  websites" is misplaced.  SAC ¶ 141.  "A website operator who edits user-created

content—such as by … ***trimming for length***—retains his immunity for any illegality in the user-created content, provided that the edits are unrelated to the illegality." *Roommates*, 521 F.3d at 1169 (emphasis added).  Thus, this Court already rejected Plaintiff's reliance on thumbnails:  "the Court disagrees that the mere creation of thumbnails is sufficient to show that Defendants created new and distinct CSAM" because it "appears either to be a standard publishing function or a neutral tool available to all third parties seeking to upload material onto Defendants' websites." ECF No. 192 at 15.

The SAC alleges no new facts to alter this Court's conclusion.  To the contrary, the SAC confirms creating thumbnails is a standard publishing function available to all uploaders:  "Another optimizing feature [WGCZ and NKL] perform[] for [their] users is creating thumbnail images and preview videos for uploaded videos."  SAC ¶ 137; *See* May 8, 2024 Hearing Tr. (**Exhibit B**) 29:10-24 (Plaintiff's counsel agreeing that, under Plaintiff's theory, any "software that allows [a website] to … copy an image and edit it and make it smaller or bigger or add something to it [is] creating more child pornography").  The SAC's new allegations about the storage location of thumbnails (SAC ¶ 140) and the use of thumbnails to "maximize the chances a user will click on a video" (*id.* ¶ 138) do nothing to alter this Court's prior ruling that thumbnail creation is a "standard publishing function or a neutral tool made available to all third parties."  ECF No. 192 at 15.  At bottom, Plaintiff's theory with respect to thumbnails continues to run directly contrary to the Ninth Circuit's decision in *Roommates*, 521 F.3d at 1169, and this Court should reject it again.

***Tags and Categories.***  Similarly misplaced is the SAC's allegation that the creation of certain "terms, categories, and tags is a material contribution to the unlawful nature of the CSAM on Defendants' websites."  SAC ¶ 135.  This Court previously rejected that too, ruling that such "tools are, again, either a standard publishing function or a neutral tool made available to all third parties seeking to upload material onto Defendants' websites."  ECF No. 192 at 15.  The SAC does not

materially change the allegations with respect to terms, categories, and tags, *see* Exhibit A ¶¶ 129-35, and should be rejected for the same reasons this Court rejected them before.

Moreover, the tags or categories that third parties assign to the content they upload has no bearing on whether that content is illegal. Under the Ninth Circuit's "material contribution" test, a website is responsible for creating or developing illegal content only if the website, by virtue of its actions, bears "responsibility for what makes the displayed content illegal or actionable." *Kimzey*, 836 F.3d at 1269 n.4. Here, allowing users to add titles, tags, and categories to their content does not make WGCZ and NKL responsible "for what makes the displayed content illegal and actionable," *id.*; that turns on whether the person depicted in the video is a minor.

For example, if a user created a tag for a video called "underage" but the persons in the video were all in their 20s, the content would be lawful notwithstanding the tag. The "underage" tag does not render otherwise lawful content unlawful. Similarly, if a user tagged a video as "20 year old" but the participant was underage, the content is unlawful and remains unlawful regardless of the tag. Nothing about a tag or category materially contributes to the illegality of the content. The relevant inquiry is whether any Defendant "created or developed the particular [content] at issue." *Carafano*, 339 F.3d at 1125. Here, the content at issue is the CSAM, not any tag or category. Further, the SAC does not identify any tags or categories assigned to the videos of her that purportedly contributed to the unlawfulness of these videos. *See* SAC ¶¶ 190-202.

**Search Algorithms.** The SAC continues to rely on allegations that WGCZ and NKL's search algorithm materially contributes to the unlawfulness of CSAM. *Id.* ¶¶ 130-35. But using "features and functions, including algorithms, to analyze user posts … and recommend other [content]" is not creation or development of content. *Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1098 (9th Cir. 2019). Rather, when websites use tools such as search algorithms to recommend content, they are

merely "acting as a publisher of others' content" by "facilitat[ing] the communication and content of others."  *Id.*; *see also Google*, 2 F.4th at 895 (Google's search algorithm, which selected "the particular content to provide a user based on that user's inputs," did "not deprive Google of § 230 immunity").

Thus, as this Court held with respect to the FAC, "the fact that Defendants' website(s) suggest to users similar content based on prior viewing is not alone sufficient to show knowing receipt of CSAM, especially if this website function is a neutral tool designed to promote videos irrespective of their content."  ECF No. 192 at 20.  The SAC's new allegations merely confirm that WGCZ and NKL's algorithm is a neutral tool designed to promote all videos on their websites:  "WGCZ directly created, directed and controlled all engineering which created the algorithm and other tools on the XVideos website which used keywords, tags, and search terms to automatically present users with 'related searches.'"  Ex. A ¶ 131.  Thus, Plaintiff's recitation of a list of "related searches" that supposedly appeared on Defendants' websites (*id.* ¶ 133) does not change this Court's prior analysis that an algorithm is merely "a neutral tool designed to promote all videos" (ECF No. 192 at 20).  Put simply, it is clear WGCZ's and NKL's algorithms and other tools apply to all content on the websites, not specifically to CSAM, making them neutral tools that do not materially contribute to the unlawful nature of the content.  *See, e.g.*, *Dyroff*, 934 F.3d at 1098.

For all these reasons, the SAC still fails to allege with plausible, well-pleaded facts that any Defendant created or developed the videos allegedly depicting her. Because Plaintiff's videos are "information provided by another information content provider," the third and final requirement for section 230 immunity is satisfied.  All of Plaintiff's claims, including her sex-trafficking claim, accordingly are barred by section 230.  *See Reddit*, 51 F.4th at 1146 (section 230(c)(1) barred section 1595 claim); *Reddit*, 2021 WL 5860904, at *6 (section 230(c)(1) barred section 1595 claim, among others).

### 4. *Plaintiff fails to allege sufficient facts to invoke FOSTA's exception*

The Court previously ruled that the FAC failed to allege facts to invoke FOSTA's narrow exception to section 230, but the Court gave Plaintiff leave to amend because the filing of the FAC predated the Ninth Circuit's decision in *Reddit*, 51 F.4th 1137. ECF No. 192 at 17. The SAC, however, still fails to allege sufficient facts to meet the high bar set by *Reddit* for invoking FOSTA's exception to section 230 for its sex-trafficking claim under 18 U.S.C. §§ 1591, 1595.

In 2018, Congress created a narrow exception to section 230 immunity by passing FOSTA. *See Reddit*, 51 F.4th at 1140. That amendment provides: "Nothing in [section 230] … shall be construed to impair or limit … any claim in a civil action brought under section 1595 of title 18, ***if the conduct underlying the claim constitutes a violation of section 1591 of that title***." 47 U.S.C. § 230(e)(5)(A) (emphasis added). In *Reddit*, the Ninth Circuit held that "a website's own conduct must violate 18 U.S.C. § 1591 for the immunity exception to apply.'" 51 F.4th at 1143. Section 1591 "is the federal criminal sex trafficking statute." *Reddit*, 51 F.4th at 1141.

Two provisions of section 1591 are relevant here. First, section 1591(a)(1) imposes criminal liability on anyone who "knowingly … recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person … knowing … that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act." 18 U.S.C. § 1591(a)(1). A "commercial sex act" is "any sex act, on account of which anything of value is given to or received by any person." *Id.* § 1591(e)(3).

As to section 1591(a)(1), there are no allegations any Defendant was involved in trafficking Plaintiff. No Defendant is accused of recruiting, enticing, or soliciting Plaintiff to engage in a commercial sex act. *See* 18 U.S.C. § 1591(a)(1). Plaintiff instead only alleges an unidentified "sex trafficker forced [her] to participate in the

creation of videos." SAC ¶ 189. Thus, there are no plausible allegations that any Defendant violated section 1591(a)(1).

The second relevant provision of section 1591 is section 1591(a)(2). It imposes criminal liability on anyone who "knowingly … benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of [section 1591(a)(1)]." 18 U.S.C. § 1591(a)(2). "'[P]articipation in a venture' means knowingly assisting, supporting, or facilitating a violation of [section 1591(a)(1)]." *Id.* § 1591(e)(4).

In *Reddit*, the Ninth Circuit held a website does not participate in a sex-trafficking venture by providing "a platform where it is easy to share child pornography, highlights [webpages] that feature child pornography to sell advertising on those pages, allows users who share child pornography to serve as moderators, and fails to remove child pornography even when users report it." *Id.* at 17 (quoting *Reddit*, 51 F.4th at 1145). "A complaint against a website that merely alleges trafficking by the website's users—without the participation of the website—[does] not survive." *Id.* Nor is turning a "blind eye" to child pornography "active[] participat[ion] in sex trafficking." *Reddit*, 51 F.4th at 1145. Rather, "to hold a defendant criminally liable as a beneficiary of sex trafficking, **the defendant** must have actually 'engaged in some aspect of the sex trafficking.'" *Id.* (emphasis added). "[K]nowingly benefiting from participation in such a venture requires actual knowledge and 'a causal relationship between affirmative conduct furthering the sex-trafficking venture and receipt of a benefit.'" *Id.*

Plaintiff alleges no plausible facts establishing any Defendant knowingly participated in a sex-trafficking venture by "engag[ing] in some aspect of the sex trafficking." *Id.* Plaintiff alleges WGCZ and NKL did not undertake "any measure to verify [her] identity or age," SAC ¶ 198, and purportedly did not remove the videos of her "despite repeated requests for removal," *id.* ¶ 12. Even assuming that were true (*but see* footnote 2), under *Reddit*, "fail[ing] to remove child pornography even when

users report it" is not active participation in a sex-trafficking venture. 51 F.4th at 1145. At most, Plaintiff alleges that WGCZ and NKL could have done a better job policing content. *See, e.g.,* SAC ¶ 12. But "failing to efficiently monitor or police user-generated content is not punishable under Section 1591." *L.W. through Doe v. Snap Inc.*, 675 F. Supp. 3d 1087, 1100 (S.D. Cal. 2023). Indeed, by statute, website operators need not "affirmatively search, screen, or scan for" apparent CSAM. 18 U.S.C. § 2258A(f)(3). Thus, Plaintiff has not alleged sufficient facts to invoke FOSTA's exception.

**B.    Plaintiff Again Fails To Allege Facts That Would Allow This Court to Apply 18 U.S.C. § 1595 To Foreign Defendants**

In addition to being barred by section 230, the SAC independently fails because it does not allege facts that would allow the federal sex trafficking statutes, 18 U.S.C. §§ 1591, 1595, to apply to foreign Defendants. As an initial matter, Section 1596 states:

> In addition to any domestic or extra-territorial jurisdiction otherwise provided by law, the courts of the United States have extra-territorial jurisdiction over any offense (or any attempt or conspiracy to commit an offense) under section 1581, 1583, 1584, 1589, 1590, *or 1591* if--
>
> (1) an alleged offender is a national of the United States or an alien lawfully admitted for permanent residence (as those terms are defined in section 101 of the Immigration and Nationality Act (8 U.S.C. 1101)); or
>
> (2) an alleged offender is present in the United States, irrespective of the nationality of the alleged offender.

18 U.S.C. § 1596 (emphasis added).

As with the FAC, the SAC does not allege facts showing either subsection (1) or (2) is satisfied. The SAC acknowledges all of the remaining Defendants are entities organized under the laws of the Czech Republic in the European Union with their principal place of business in the Czech Republic. SAC ¶ 55. There are no allegations claiming any Defendant is a national of the U.S., an alien lawfully admitted for

permanent residence, or "present in" the U.S. *See Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159, 1169 (9th Cir. 2022) (noting that "[t]he plain meaning of the adjective 'present' is 'in a particular place'" and holding that Thai companies were not present in the U.S. when "[n]either had any address, employees, or physical presence in the United States"). Thus, Plaintiff does not allege sufficient facts to apply the federal sex-trafficking statutes, 18 U.S.C. §§ 1591, 1595, to Defendants.

Further, as Defendants have argued (ECF No. 180 at 28-30), even if section 1591 could apply extraterritorially, there is no basis for applying section 1595 extraterritorially. "[W]hile § 1596 explicitly grants extraterritorial application to many criminal statutes, it does not mention their civil analogue, § 1595." *Apple*, 2021 WL 5774224, at *15. "Congress could have easily included § 1595 in § 1596, but it did not." *Id.* And "the text and structure of § 1596 suggest that it was focused on criminal, not civil, applications." *Id.* "[T]he title of § 1596 is 'Additional jurisdiction in certain trafficking offenses.'" *Id.* "It extends 'extra-territorial jurisdiction over any *offense* (or any attempt or conspiracy to commit *an offense*) to the above-mentioned sections of the TVPRA, all criminal provisions." *Id.* Congress's decision to omit section 1595 from section 1596's list of offenses likely "was an intentional decision not to extend extraterritorially the reach of the statute's civil component." *Id.* at *16. Regardless, when a statute such as section 1596 "provides for some extraterritorial application, the presumption against extraterritoriality operates to limit that provision to its terms." *Morrison v. Nat'l Aus. Bank Ltd.*, 561 U.S. 247, 255 (2010). Thus, there is no basis for expanding the extraterritorial reach of section 1596 to include civil claims under section 1595 when Congress elected not to do so. *See Apple*, 2021 WL 5774224, at *15.

### C.    Plaintiff Fails To Allege Any Defendant Participated In A Sex-Trafficking Venture

The SAC's sex-trafficking claim fails for the independent reason that Plaintiff

has not alleged sufficient facts to state a plausible violation of section 1595.[3]  Section 1595 imposes civil liability on anyone who "knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter [i.e., Chapter 77 of the U.S. Code]."  18 U.S.C. § 1595. Chapter 77 of the U.S. Code includes section 1591, the federal sex-trafficking statute and the underlying statute on which Plaintiff relies.  *See* SAC at ¶¶ 52-56.

For purposes of section 1595, persons participate in a venture if they take "part in a common undertaking or enterprise involving risk and potential profit."  *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 725 (11th Cir. 2021).  A plaintiff "must 'allege at least a showing of a continuous business relationship between the trafficker and [the defendant] such that it would appear that the trafficker and [the defendant] have established a pattern of conduct or could be said to have a tacit agreement.'"  *Doe v. Mindgeek USA Inc.*, 558 F. Supp. 3d 828, 837 (C.D. Cal. 2021).

Courts have consistently ruled that section 1595 requires specific knowledge of, and participation in, a trafficking venture involving the specific plaintiff.  *See, e.g.*, *S.J. v. Choice Hotels Int'l, Inc.*, 473 F. Supp. 3d 147, 154 (E.D.N.Y. 2020).  "The statutory text speaks in singular terms—'participation in *a* venture which that person ... should have known *has* engaged in *an* act in violation of this chapter.'"  *Id.* (quoting 18 U.S.C. § 1595(a)).  "[K]nowledge or willful blindness of [] general sex trafficking … does not satisfy the *mens rea* requirement[]."  *Id.*  Thus, merely "turn[ing] a blind eye to the source of" revenue does not constitute participation in a sex-trafficking

---

[3]  If a plaintiff alleges sufficient facts to show that "a website's own conduct … violate[s] 18 U.S.C. § 1591,'" *Reddit*, 51 F.4th at 1143, such that FOSTA's exception applies and section 230 is inapplicable, the plaintiff would have alleged sufficient facts to state a civil claim under section 1595.  But if section 230 does not apply because, for example, a defendant created or developed the CSAM, Plaintiff still must establish the underlying elements of sex trafficking under section 1595.

1  venture.  *See United States v. Afyare*, 632 F. App'x 272, 286 (6th Cir. 2016); *accord*

2  *Reddit*, 51 F.4th at 1145.[4]

3       Here, Plaintiff has not alleged any facts showing WGCZ, NKL, or any other

4  Defendant participated in a venture with the persons who allegedly trafficked her, or

5  that they "knew or should have known" such unidentified individuals had engaged in

6  sex trafficking in violation of 18 U.S.C. § 1591.  Plaintiff alleges "one 'content

7  partner' and official 'channel' on XVideos and XNXX" uploaded videos of her as a

8  minor.  SAC ¶ 196.  Plaintiff alleges WGCZ and NKL were "in a revenue sharing

9  relationship with this content partner and channel."  *Id.*  But Plaintiff does not allege

10 this "content partner and channel" was involved in trafficking her or creating the

11 videos depicting her.  Nor does Plaintiff allege facts making it plausible any

12 Defendant knew or should have known that this "content partner and channel" was

13 engaged in criminal sex trafficking in violation of section 1595.  The mere fact WGCZ

14 and NKL may have shared revenue with this "content partner and channel" does not

15 change that.  As this Court recognized, "revenue-sharing—so long as the methods by

16 which revenue sharing is conducted are neutral with respect to content—is … an

17 insufficient basis for liability."  ECF No. 192 at 13.[5]

---

19     [4]  *See Red Roof Inns*, 21 F.4th at 725 ("[F]ranchisors may be liable under the

20 TVPRA if they have either actual or constructive knowledge that the venture in which
   they participated and from which they benefited violated the TVPRA *as to the Does*."

21 (emphasis added)); *A.D., v. Wyndham Hotels & Resorts, Inc.*, 2020 WL 8674205, at
   *6 (E.D. Va. July 22, 2020) ("[g]eneral awareness" of sex trafficking at hotels was

22 "insufficient to establish that [defendant] knew or should have known that it was

23 participating in a sex trafficking venture by *renting rooms to [plaintiff's] trafficker*");
   *Doe 3 v. Red Roof Inns, Inc.*, 2020 WL 1872333, at *3 (N.D. Ga. Apr. 13, 2020)

24 ("[a]llegations that customers complained about prostitution existing on properties"

25 were insufficient to show defendants should have known that they were participating
   in a sex trafficking venture with the plaintiff's trafficker), *aff'd Red Roof Inns*, 21

26 F.4th 714.

27     [5]  Moreover, Plaintiff's revenue-sharing theory is nothing like the revenue-sharing

28 theory in *Google*, where the plaintiffs' claims "could be remedied without changing

Nor do Plaintiff's allegations about her complaints to WGCZ and NKL establish such knowledge. Plaintiff vaguely alleges that she "reached out to [WGCZ and NKL] multiple times over the years, beginning in at least 2017, requesting her abuse videos be removed." SAC ¶ 198. Even if true, Plaintiff does not allege that she told Defendants she was a minor in the videos or that she was a victim of sex trafficking, only allegedly requesting her "abuse" videos be removed. *Id.* Plaintiff alleges in conclusory terms that WGCZ and NKL supposedly "turn[ed] a blind eye," *Afyare*, 632 Fed. App'x at 286, to the fact that some videos on their websites were CSAM. That, however, does not plausibly establish that WGCZ and NKL participated **with Plaintiff's alleged traffickers** in what they knew or should have known was a sex-trafficking venture.

## II. THE SAC DOES NOT STATE A PLAUSIBLE CLAIM FOR RECEIPT OR DISTRIBUTION OF CHILD PORNOGRAPHY UNDER 18 U.S.C. § 2252 OR 18 U.S.C. § 2260

The SAC's claims for receipt and distribution of child pornography under 18 U.S.C. § 2252 and 18 U.S.C. § 2260 fail for two separate reasons. They fail because they are barred by section 230 and because the SAC does not plausibly allege any Defendant knew she was underage in the videos. Each ground is addressed in turn.

### A.    Section 230 Bars Plaintiff's Child-Pornography Claims

As with Plaintiff's sex-trafficking claim, section 230 bars the SAC claims for receipt and distribution of child pornography under 18 U.S.C. § 2252 and 18 U.S.C. § 2260. Plaintiff's child-pornography claims seek to hold Defendants liable for receiving and distributing (publishing on their websites) alleged CSAM that third

---

any of the content posted by YouTube's users," because the plaintiffs' claims were "solely directed to Google's unlawful payments of money to ISIS." *Google*, 2 F.4th at 898. Here, in contrast, WGCZ and NKL would be liable if they kept up CSAM and stopped sharing revenue with uploaders. As Plaintiff's allegations confirm, she seeks, contrary to Congress's express judgment otherwise, *see* 18 U.S.C. § 2258A(f)(3), to require "Defendants to identify and remove [CSAM]," SAC at 61.

parties uploaded to Defendants' websites.  *See* SAC ¶¶ 223, 230.  But as this Court recognized, "[r]eceipt of materials or content is … simply the first step in any publishing regime."  ECF No. 192 at 13.  And distributing content is nothing more than publication.  Section 230 squarely forecloses Plaintiff's theory of liability.  *See, e.g.*, *Doe #1 v. Twitter, Inc.*, 2023 WL 3220912, at *2 (9th Cir. May 3, 2023) ("section 230 precluded Plaintiff from stating a viable claim for possession and distribution of child pornography under 18 U.S.C. §§ 2252A and 2255"); *Doe v. Twitter, Inc.*, 555 F. Supp. 3d 889, 932 (N.D. Cal. 2021) (same); *Reddit*, 2021 WL 5860904, at *6 (same); *Doe v. Bates*, 2006 WL 3813758, at *4 (E.D. Tex. Dec. 27, 2006) (same).

**B.    Plaintiff Fails To Plausibly Allege Defendants Knew She Was Underage In The Videos Depicting Her**

In addition to being barred by section 230, Plaintiff fails to allege sufficient facts to state a plausible violation of the child-pornography statutes on which she relies, 18 U.S.C. §§ 2252, 2252A, 2260.  "Claims under section 2252 and 2252A require proof that the defendant knew the plaintiff was underage."  ECF No. 192 at 20 (citing 18 U.S.C. § 2252).  "Claims under section 2260 similarly require proof that the defendant knowingly received, distributed, or possessed with intent to distribute visual depiction of a minor engaged in sexually explicit conduct."  *Id.* (citing 18 U.S.C. § 2260).

As this Court recognized (*id.* at 20-21), Plaintiff has not alleged facts making it plausible WGCZ or NKL knew Plaintiff was underage in the videos while the videos were live on their websites.  Plaintiff does not allege any facts about her appearance in the videos or the videos' tags, titles, or categories that would suggest that she was underage at the time the videos were made.  *See* SAC ¶¶ 188-200.  Moreover, as explained above, Plaintiff does not allege she told WGCZ and NKL that she was underage in the videos.  Conclusory allegations that people may have requested that videos be removed are "not sufficient to allege liability under the at-issue statutes."  ECF No. 192 at 20-21.

1    In short, there are no allegations in the SAC plausibly suggesting Defendants

2  had reason to know Plaintiff was underage in the videos, much less actual knowledge

3  she was, as is required by the relevant statutes. *See id.* at 20. Despite this Court's

4  dismissal of the FAC, Plaintiff's SAC does not include any additional factual details

5  regarding Defendants' purported knowledge of her age; rather, she simply bolds and

6  underlines her allegations that she purportedly reported "abuse videos" to Defendants.

7  *See* SAC ¶¶ 12, 199-200. That does not cure the deficiency that led to the dismissal

8  of these claims in the first instance. Because the SAC does not allege facts making it

9  plausible WGCZ and NKL *knew* she was underage in the videos before or while they

10  were on Defendants' websites, these claims must be dismissed.

11  **III.   THE SAC FAILS TO STATE A PLAUSIBLE VIOLATION OF**

12  **SECTION 1708.85 OF THE CALIFORNIA CIVIL CODE**

13    This Court previously dismissed the FAC's claim under section 1708.85 of the

14  California Civil Code, and the SAC fails to salvage it. As repleaded in the SAC, the

15  claim remains barred by section 230, and Plaintiff fails to allege any Defendant knew

16  or should have known that she had a reasonable expectation of privacy in the videos

17  of her.

18  **A.    Section 230 Bars Plaintiff's Claim Under Section 1708.85**

19    As this Court previously ruled (ECF No. 192 at 21), section 230 bars Plaintiff's

20  claim under section 1708.85. Section 230 expressly preempts state law claims: "No

21  cause of action may be brought and no liability may be imposed under any State or

22  local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3). Section

23  1708.85(h) itself further confirms: "Nothing in this section shall be construed to alter

24  or negate any rights, obligations, or immunities of an interactive service provider

25  under Section 230." Cal. Civ. Code § 1708.85(h). Thus, for the reasons set forth

26  above (*supra* Part I.A), section 230 bars the SAC's claim under section 1708.85. *See,*

27  *e.g.*, ECF No. 192 at 21; *Twitter*, 555 F. Supp. 3d at 932 (section 230(c)(1) barred

28  section 1708.85 claim); *Reddit*, 2021 WL 5860904, at *6 (same).

**B.**    **Plaintiff Fails To Allege Facts Establishing Defendants Knew Or Should Have Known She Had A Reasonable Expectation Of Privacy In The Videos**

In addition to being barred by section 230 (*see* ECF No. 192 at 21), the claim independently fails because it does not allege sufficient facts to state a plausible violation of section 1708.85 of the California Civil Code.  Section 1708.85(a) provides: "A private cause of action lies against a person who intentionally distributes by any means a photograph, film, videotape, recording, or any other reproduction of another, without the other's consent, if," among other things, "the person knew, or reasonably should have known, that the other person had a reasonable expectation that the material would remain private, (2) the distributed material exposes an intimate body part of the other person, or shows the other person engaging in an act of intercourse, oral copulation, sodomy, or other act of sexual penetration, and (3) the other person suffers general or special damages as described in Section 48a."  Cal. Civ. Code § 1708.85(a).

The SAC does not allege facts showing that any defendant "knew, or reasonably should have known, that [she] had a reasonable expectation that the [Videos] would remain private." *Id.*  Plaintiff does not identify anything in the videos or their titles suggesting she had any expectation they would remain private.  Instead, she resorts to a conclusory assertion that "Defendants knew Plaintiff … had a reasonable expectation that the videos depicting [her] would remain private." SAC ¶ 237. That is insufficient.  *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").  Plaintiff's section 1708.85 claim should be dismissed.

## CONCLUSION

This Court should dismiss Plaintiff's SAC with prejudice.

1   DATED:  August 30, 2024        QUINN EMANUEL URQUHART &
2                                 SULLIVAN, LLP

By    */s/ Michael E. Williams*
         Michael T. Zeller
         Michael E. Williams
         Diane Cafferata
         Dylan C. Bonfigli

         *Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE

I, the undersigned counsel of record for Defendants, certify that the memoranda of points and authorities for this motion does not exceed twenty-five pages and this complies with this Court's Standing Order for Newly Assigned Civil Cases.

Dated:  August 30, 2024

QUINN EMANUEL URQUHART
& SULLIVAN LLP

*/s/ Michael E. Williams*
Michael E. Williams
*Attorneys for Defendants*

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM